Allen, J.
 

 The jury found for the plaintiff upon the allegations of the first defense. Since the defendant’s second and third defenses set up compliance upon the part of the owner of the premises and the subcontractor with the Workmen’s Compensation Act, (Gen. Code, Sections 1465-37 to 1465-108), and acceptance of compensation by the plaintiff as a complete defense to the action, raising no question of payment
 
 pro tanto,
 
 one legal problem only arises herein. This is a question of the interpretation of Section 1465-61 (3), General Code, which reads as follows:
 

 “Every person in the service of any independent contractor or subcontractor who has failed to pay into the state insurance fund the amount of premium determined and fixed by the Industrial Commission of Ohio for his employment or occupation, or to elect to pay compensation direct to his injured, and the dependents of his killed employes, as provided in Section 1465-69, General 'Code, shall be considered as the employe of the person who has entered into a contract, whether written or verbal, with such independent contractor unless such employes or their legal representatives or
 
 *794
 
 beneficiaries elect, after injury or death, to regard such independent contractor as the employer.”
 

 The plaintiff in error argues that it is inequitable to permit an injured employe of an independent contractor to accept compensation under the "Workmen’s Compensation Act and then sue the owner of the premises for the injury sustained, when both owner of the premises and the independent contractor have complied with the Compensation Act relative to paying premiums into the state fund, or have obtained permission to carry on their own insurance. It urges that when the owner of the premises has contractually required his independent contractor to pay into the state insurance fund the premiums necessary to protect its employes under the Compensation Law, an injured employe of the independent contractor cannot accept the benefits of this compliance and then sue the owner as a stranger.
 

 Plaintiff in error does not contest the fact that, if the Trumbull Cliffs Furnace Company is not the employer of Shachovsky, it can be- sued by Shachovsky under the facts herein; it claims, however, that under the provisions of the Code, above quoted, the Trumbull Cliffs Furnace Company is the employer of Shachovsky and hence cannot be sued as a stranger.
 

 The Workmen’s Compensation Act (Section 1465-60, General Code) defines the term “employer” a,s “every person, firm, and private corporation * * * that has in service five or more workmen or operatives regularly in the same business * * # under any contract of hire.” Within this definition, for the purposes of this case, an
 
 *795
 
 employer is one who engages the services of a workman and agrees to pay him therefor. To establish the relationship of master and servant there must be a contract of service. It is conceded that no such relationship exists, here unless it is created by the statute above quoted, and plaintiff in error insists that the statute accomplishes that very result. However the language of the statute (Section 1465-61) is so plain that we have difficulty in following plaintiff’s contention. It provides that the injured employe shall be considered the employe of the general contractor only in the case where the subcontractor or independent contractor, who actually employs the injured workman, has not complied with the law and has neither paid the premiums nor elected to give compensation direct. There is an exception to this provision, which is that if the injured employe elects to regard the independent contractor as his employer, even if the independent contractor has not complied with the law, in such case the general contractor shall not be deemed the employer of the injured employe. This exception can hardly aid the plaintiff in error. Instead of extending the statutory relationship of employment as created in the Code, it still further limits it.
 

 Plaintiff in error asks- the court to read the statute above given as follows:
 

 “Every person in the service of any independent contractor or subcontractor * * * shall be considered as the employe of the person who has entered into a contract * * * with such independent contractor *
 
 *
 

 In other words, he attaches no meaning what
 
 *796
 
 ever to the clause “who has failed to pay into the state insurance fund the amount of the premium * * * or to elect to pay the compensation direct.”
 

 If the Legislature of Ohio had intended to enact a statute accomplishing the result claimed by plaintiff in error, it would have been very easy to do so. However, we have to take the statute as written. In this case the record shows that the Truscon Steel Company, the independent contractor, at the time of the accident had complied with the Compensation Act, and hence the provision that every person in the service of any independent contractor or subcontractor shall be considered as an employe of the owner or principal contractor, if his own employer has failed to pay into the state insurance fund the required amount of premium, or has failed to elect to pay compensation direct, does not here apply.
 

 Inasmuch as the subcontractor had complied with the compensation statute, the owner was not the employer of Shachovsky at the time of the accident; it had no contractual relation with Shachovsky; it was for the purpose of this suit nothing more than a third person. This fact is a complete answer to the proposition of plaintiff m error that it is inequitable to allow the workman to have two recoveries, one under the Compensation Act and one under this suit. As such third person the owner of the premises could be sued for the negligence of his own employes, which caused the accident, since the compensation provided by the Workmen’s 'Compensation Law is in the nature of an occupational insurance, and, like general insurance,
 
 *797
 
 cannot be deducted and treated as an offset for claims for damages for wrongful injury or death.
 
 Newark Paving Co.
 
 v.
 
 Klotz,
 
 85 N. J. Law, 432, 91 A., 91;
 
 Mercer
 
 v.
 
 Ott,
 
 78 W. Va., 629, 89 S. E., 952;
 
 Merrill
 
 v.
 
 Marietta Torpedo Co.,
 
 79
 
 W.
 
 Va., 669, 92 S. E., 112, L. R. A., 1917F, 1043; Shearman
 
 &
 
 Redfield on Negligence (6 ed.), Section 765.
 

 Since the provisions of Section 1465-61 (3) are plain and unambiguous, as above set forth, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, and Conn, JJ., concur.