Attorneys—Deeds & Cole for Baker; Edward H. Ray for Kimball et; all of Toledo.

No. 464

THACKERY etc. v. HELFRICH

Ohio Appeals, 3rd Dist., Crawford Co.

No. 1115. Decided March 3, 1927

27. ACTIONS—In an action for malpractice in treatment of broken leg it is no defense for physician that injured person has received and is receiving compensation under Workmen's Compensation law, for the injury for which damages are claimed, is not the broken leg; but the damage resulting from the treatment by the physician.

1283. WORKMEN'S COMPENSATION LAW—Is in the nature of occupational insurance and like general insurance cannot be deducted or treated as an offset for claims for damages for wrongful injury.

**First Publication of this Opinion**

HUGHES, J.

Roy Thackery, an infant, broke his leg in June, 1924, and employed Mart L. Helfrich, a physician and surgeon, to reduce the fracture and attend him until he was cured. The treatment was unsuccessful and plaintiff brought an action against Helfrich in the Crawford Common Pleas for malpractice to recover damages against said defendant for his careless treatment of plaintiff.

The second defense to the petition was, in substance, that upon the injury, plaintiff had applied to the Industrial Commission for compensation, and since that time has received compensation in excess of $1330.00 for any injury received and for any and all claimed aggravation of same as a result of any alleged negligence or malpractice of defendant, and that the Commission is willing to have Thackery operated, which operation will correct and cure him from the injuries complained of without cost and expense to him.

A demurrer was filed to this defense by plaintiff and was overruled by the court; and plaintiff not caring to plead further, judgment was entered against him. Error was prosecuted and the Court of Appeals held:

1. The judgment of the court below is based on the theory that under the second defense of Helfrich's answer, there can be no recovery because compensation has been and is being paid in full to plaintiff.

2. The Workmen's Compensation Law is in the nature of an occupational insurance and like general insurance, cannot be deducted or treated as an offset for claims for damages for wrongful injury or death. Furnace Co. v. Shockovsky, 111 OS. 791.

3. The injury for which damages are claimed in plaintiff's petition, is not his broken leg, but it is the damage resulting to plaintiff from the negligent and careless treatment of his broken leg by defendant.

4. The action brought by Thackery is one to recover full compensation for the damages which are the proximate result of the negligence of Helfrich, based on his contract with the latter; and it is no defense to say that Thackery has received and still is receiving compensation under the Workmen's Compensation Law.

Judgment reversed.

(Crow & Justice, JJ., concur.)

Attorneys—Roy W. Roof and E. J. Myers for Thackery; Gallinger & McCarron for Helfrich; all of Bucyrus.