Allen, J.
 

 Does Section 35, Article II, of the Ohio Constitution, as amended, effective January 1, 1924, bar an action at law by an employe or his dependents against a third person for alleged negligence of such third person, causing injury or death of the employe in the course of his employment, where both the third person and the employe’s employer have complied with the Workmen’s Compensation Act?
 

 It is conceded that prior to January 1, 1924, the
 
 *590
 
 contrary rule prevailed. Plaintiff in error contends, however, that, since the amendment of Section 35, Art. II, of the Ohio Constitution, as effective January 1, 1924, the rule has been changed, .and that a third person who is an employer, who has complied with the Workmen’s Compensation Act, cannot be sued for negligence causing an injury to an employe, when the employe has accepted compensation under the act, even though the employe is not the employe of the particular employer whose negligence caused the injury.
 

 The material portions of the articles in question, as adopted September 3, 1912, and as amended November 6, 1923, are as follows:
 

 Section 35, Art. II, of the Ohio Constitution, as originally passed:
 

 “For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state determining the terms and conditions upon which payment shall be made therefrom, and taking away any or all rights of action or defenses from employes and employers; but no right of action shall be taken away from any employe when the injury, disease or death arises from failure of the employer to comply with any lawful requirement for the protection of the lives, health and safety of employes * *
 

 Section 35, Art. II, of the Ohio Constitution, as amended:
 

 “For the purpose of providing compensation to
 
 *591
 
 workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease * *
 

 Counsel for plaintiff in error points out that neither the Constitution nor the Code, prior to January 1, 1924, provided for the situation where, the employe sustained injuries because of the act of a third person, not his employer. He cites in a careful and scholarly brief the statutes and decisions from a number of states, which have dealt with this situation, either by constitutional provision or legislative enactment, showing that Ohio was prior to January, 1924, and still is, one of the three states which have no specific statutory or constitutional provision defining the liability or non-liability of a third person for the injury of an employe, when the employe’s employer and the third person alike are covered by the Workmen’s Compensation Act. General Code, Sections 1465-37 to 1465-108.
 

 . In an extensive note in 19 A. L. B., 766, discussing Workmen’s Compensation Acts as pre
 
 *592
 
 eluding an action for injury or death against a third person, it is stated that, at least apart from an election to proceed under the Compensation Act, according to the weight of authority, the Compensation Act does not take away the remedy of the employe at common law or under statute against a third person. There is necessarily conflict in the decisions, owing to the different statutory provisions. Under some acts it is held that the fact that an award has been obtained from the employer, although payments may have been made thereunder, does not preclude an action by the employe against a third person whose negligence caused the injury.
 
 Book
 
 v.
 
 City of Henderson,
 
 176 Ky., 785, 197 S. W., 449;
 
 Van Zandt
 
 v.
 
 Sweet,
 
 56 Cal. App., 164, 204 P., 860;
 
 Merrill
 
 v.
 
 Marietta Torpedo Co.,
 
 79 W. Va., 669, 92 S. E., 112, L. R. A., 1917F, 1043;
 
 Jacowics
 
 v.
 
 Delaware, L. & W. Rd. Co.,
 
 87 N. J. Law, 273, 92 A., 946, Ann. Cas., 1916B, 1222;
 
 Mingo
 
 v.
 
 Rhode Island Co.,
 
 41 R. I., 423, 103 A., 965;
 
 Muncaster
 
 v.
 
 Graham Ice Cream Co.,
 
 103 Neb., 379, 172 N. W., 52;
 
 Podgorski
 
 v.
 
 Kerwin,
 
 144 Minn., 313, 175 N. W., 694;
 
 O’Brien
 
 v.
 
 Chicago City Ry. Co.,
 
 305 Ill., 244, 137 N. E., 214, 27 A. L. R., 479. The rule in Massachusetts, Maryland, Michigan, New York, and Pennsylvania is contra.
 

 These decisions we shall not further discuss, because obviously they are not applicable here. They construe express legislative enactments, while the question raised by this record is not one of statutory or constitutional construction. The question which confronts us here is whether we shall read into the Constitution the provisions which plaintiff
 
 *593
 
 in error claims must be read in because of necessary implication.
 

 The purpose of the Workmen’s Compensation Act, as stated in the Ohio Constitutional Convention Proceedings and Debates, vol. 2, p. 1346, was to “solve the differences now existing between labor and capital, * * * also to provide a definite and fixed liability on the employer, so that he knows what he will have to pay, and will prevent litigation on this subject which has proven detrimental to employer and employe and a matter of enormous and needless expense to both.” Remarks of Mr. Cordes.
 

 However, the further significant, statement was made in the Constitutional debates that one purpose of the Workmen’s Compensation Act is the prevention of accidents. Remarks of Mr. Cordes, volume 2, p. 1346:
 

 “The real object of all liability and compensation laws against industrial accidents, however, is not simply the matter of providing for the needs of the injured and the dependents of those killed, but to prevent accidents * *
 

 Plaintiff in error does not contend that the idea was ever advanced that a person should be exempt from liability for negligence because of the fact that he himself happened to be an employer complying with the act, and because of the further fact that the person who was injured happened to be an employe, although employed by another than the one who had injured him.
 

 In the instant case, each company is a so-called self-insurer, under Section 22 of the act (Section 1465-69, General Code), and it could not possibly
 
 *594
 
 be claimed that the burdens of a self-insurer run toward persons not employes of the self-insurer, but in spite of this fact, plaintiff in error urges that the benefits of the abrogation of liability run to an employer not the employer of the particular employe injured.
 

 The fact that the workmen’s compensation system was intended to prevent accidents, as well as to prevent litigation between employer and employe, militates against this theory, for to establish a non-liability in third persons without corresponding responsibility to compensate would certainly tend to create one of the very situations which was meant to be avoided.
 

 Prior to the enactment of the constitutional amendment effective January 1, 1924, a number of nisi prius cases and two judgments of Courts of Appeals in Ohio held that the remedy of the act was not exclusive, and that, even if third persons charged with negligence, as in the case at bar, were themselves employers of employes other than the plaintiff, and had complied with the Workmen’s Compensation Act, actions would lie against them for alleged negligence causing injury or death. The only adjudication of this court in which the precise question has been passed upon is the case of the
 
 Trumbull Cliffs Furnace Co.
 
 v. Shachovsky, 111 Ohio St., 791, 146 N. E., 306. This case involved facts occurring before the effective date of the 1923 amendment, and, while the decision was pronounced after such effective date, the 1912 form of the constitutional provision applies to and controls the decision. In this case, the petition averred that Shachovsky had been injured while working
 
 *595
 
 on the premises of the Trumbull Cliffs Furnace Company, by the negligence of the furnace company. He was himself an employe of the Truscon Steel Company. Both companies had complied with the Workmen’s Compensation Act. Shachovsky applied for and accepted compensation under the act, and then brought action against the furnace company. This court permitted a recovery, although the owner of the premises pleaded as a complete defense a compliance with the Workmen’s Compensation Act by itself and the independent contractor and the acceptance of compensation by the employe.
 

 It is the contention of the plaintiff in error here that the decision in the
 
 Shachovslcy case
 
 is not applicable herein because the 1923 amendment changed the wording of the constitutional provision. It is claimed that the words, “any employer who pays the premium or compensation provided by law,” in the second sentence of the provision, mean any person, natural or artificial, who comes within the definition of employer under the act, whether or not he be the employer of the particular employe who brings suit against him. It is claimed that the provision, that “Such compensation shall be in lieu of all other rights to compensation or damages for such death, injury or occupational disease,” cuts off not only all rights against the employe’s employer, but against all third persons.
 

 We cannot agree with this contention. The provisions above quoted, in our judgment, are no stronger in favor of plaintiff in error’s contention than the original provision in Section 35, Art. II,
 
 *596
 
 which read, “laws may be passed establishing a state fund, # * * ” and “taking away any or all rights of action or defenses from employes and employers. ’ ’
 

 In the
 
 Shachovsky case,
 
 this court construed the former constitutional and statutory enactments as not depriving an employe of an action against a third person whose negligence caused him to be injured in the course of his employment, even though he had accepted compensation under the act, and even though the third person sued was an employer who had complied with the act. All of the nisi prius cases mentioned, and the two Court of Appeals decisions, made the same holding prior to the enactment of the constitutional amendment of 1923. That amendment followed in point of time, and was influenced by, the decision of this court in the case of
 
 Ohio Automatic Sprinkler Co.
 
 v.
 
 Fender,
 
 108 Ohio St., 149, 141 N. E., 269, and changed the rule, as announced in that case.
 

 But, even though in a number of cases it had previously been held that an employe was not deprived under the old form of the amendment of his right against a third person, though that third person should chance to be an employer of employes other than the plaintiff, the amendment proffered in 1923, effective January 1, 1924, contained no specific provision as to the liability or nonliability of such third person.
 

 We are asked here to eliminate a right which the injured employe or his dependents had prior to 1924, upon the ground that such an abrogation is impliedly required by the wording of the amendment. We see nothing in the provision itself to
 
 *597
 
 justify this conclusion. There is nothing in the record of the adoption of the amendment of 1923 to lead us to infer that any such change was intended with regard to that feature of the enactment, and it would be judicial legislation to hold otherwise.
 

 We do not pass upon the wisdom or unwisdom of the legislation. Whatever be its defects, we cannot write into the fundamental law of the state a provision depriving a large group of citizens of the remedies which they possessed prior to the enactment of the legislation, without specific authority in the legislation itself.
 

 In the case of the
 
 Trumbull Cliffs Furnace Co.
 
 v.
 
 Shachovsky, supra,
 
 the defendant raised no question of payment
 
 pro tanto.
 
 In that case the court stated that compensation under the act, being in the nature of occupational insurance, cannot be deducted and treated as an offset for claims for damages for wrongful injury or death. This is as true when the question of deduction or offset
 
 pro tanto
 
 is presented as it is when, as in the
 
 Shachovsky case, supra,
 
 the pleadings raise the question of complete bar by acceptance of compensation under the act. In this case both parties agreed upon the amount of $4,500 as being a fair measure of the damages if the third defense was not valid, and thus acquiesced in the proposition that this action, if successful, can only result in a recovery
 
 pro tanto.
 

 It is usually held, even under statutes which permit proceedings against both the employer and the other persons whose negligence caused the injury, that there cannot be a double recovery, that is, to the extent that the employe recovers against one
 
 *598
 
 he cannot recover against the other.
 
 Book
 
 v.
 
 City of Henderson, supra; Rosenbaum, Guardian,
 
 v.
 
 Hartford News Co.,
 
 92 Conn., 398, 103 A., 120, L. R. A., 1918F, 521;
 
 The Emilia S. De Perez,
 
 248 F., 480.
 

 These holdings are based upon the theory that there should not be a double satisfaction for the same injury.
 
 Gambling
 
 v.
 
 Haight,
 
 59 N. Y., 354;
 
 Walsh
 
 v.
 
 New York Central & Hudson River Rd. Co.,
 
 204 N. Y., 58.
 

 Thus in
 
 Birdsall
 
 v.
 
 Coolidge,
 
 93 U. S., 64, the court quotes with approval Greenleaf on Evidence, to the effect that “Compensatory damages and actual damages mean the same thing; that is, that the damages shall be the result of the injury alleged and proved, and that the amount awarded shall be precisely commensurate with the injury suffered, neither more nor less, whether the injury be to the person or estate of the complaining party. 2 Greenleaf on Evidence, 10th Ed., 253.”
 

 In the absence of statutory enactment, as stated above, the decisions from jurisdictions in which detailed legislation has been enacted, providing for a situation such as that presented upon this record, cannot squarely apply. However, the reason of the ruling controls. The common law doctrine that it is inequitable to allow a double satisfaction for the same injury was not abrogated, either expressly or impliedly, by the Workmen’s Compensation Act, Section 1465-37
 
 et seq.,
 
 the purpose of which is to insure to workmen injured during their employment the compensation, as Greenleaf so aptly states it, “precisely commensurate with the injury.”
 

 
 *599
 
 We therefore hold that recovery in an action such as that involved herein can only be to the extent that the employe or his dependents have not been compensated under the Workmen’s Compensation Act.
 

 Jud gment affirmed.
 

 Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.