ROYAL INDEM CO et v STATE ex
STANDARD SANITARY MFG CO

Ohio Supreme Court

No 21578. Decided Apr 24, 1929

Syllabus by MARSHALL, CJ.

**CONTRACTS**

(150 P7) It is within the power of the legislature to enact that at the time of the letting of a contract the state or any political subdivision of the state shall require the contractor to give a bond with sufficient sureties conditioned not only for the proper performance of the work but also that the contractor will pay all persons such sums as may be due them for labor and materials furnished for or used in the construction for which such contract is made.

Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ, concur.

---

LIMA USED CAR EXCHANGE CO v
HEMPERLY

Ohio Supreme Court

No 11477. Decided Apr 24, 1929

Syllabus by DAY, J.

**TRIAL**

(590 Cg2) **Section 11477**, paragraph 5, **General Code'** providing that in civil actions "when after the evidence is concluded either party may present written instructions to the court on matters of law and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced." is mandatory, and a refusal to give a requested instruction, if it is in writing and contains a correct proposition of law applicable to the issues in the case, is erroneous even though the court in its general charge may give it or the substance thereof in its own language.

**AUTOMOBILES**

(50 Eb) A violation of either **Section 6310-1** or **Section 12614-3, General Code**, which provides for the display of lights upon the front and rear of motor vehicles operated upon the highway, at night, is negligence **per se**, warranting a recovery by the one damaged as a direct and proximate cause of such negligence, provided such person is in the exercise of due care for his own safety at the time and place in question. (**Schell v .DuBois, Admr., 94 Ohio St., 93**, and **Chesrown v. Bevier, 101 Ohio St., 282**, approved and followed.

(50 Rh) A motor vehicle allowed to stand at night, in whole or in part, upon the public highway, without displaying such lights in the manner and during the time

as provided in **Sections 6310-1** and **12614-3, General Code**, is within the inhibition of such sections, even though such motor vehicle is at such time not actually in motion.

Marshall, CJ, Kinkade, Robinson, Jones, Matthias and Allen, JJ, concur.

---

STATE ex MICK v BURKE et

Ohio Supreme Court

No 21424. Decided Apr 24, 1929

Syllabus by JONES, J.

**ACTIONS**

(10 Q2) The writ of quo warranto cannot be utilized by an individual acting in his private relation for the purpose of nullifying corporate franchises or voiding a municipal charter.

**MUNICIPAL CORPORATIONS**

(360 C2) The relator was elected to a municipal office in 1925. In the following year the municipality adopted a charter, under the provisions of which new offices were created and filled by the election of respondents in 1927, who duly qualified therefor. The relator, under the provisions of **Section 12307, General Code**, then instituted his private action seeking to oust the respondents from office, by assailing the validity of the charter election, on the ground that the charter was not adopted by a majority of the electors voting at the charter election, and offered proof sustaining his claim which the court excluded. **Held:** The court did not err. While relator's action ostensibly was one to test his title to office, it was in fact an indirect and collateral attack upon corporate municipal functions and the legal existence and validity of the municipal charter. **Section 12307, General Code**, does not authorize a private relator to employ **quo warranto for** such purpose.

Marshall, CJ, Kinkade, Matthias, Day and Allen, JJ, concur. Robinson, J, not participating.

---

TRUSCON STEEL CO v TRUMBULL
CLIFFS FURNACE CO

Ohio Supreme Court

No 21427. Decided Apr 24, 1929

Syllabus by ALLEN, J.

**EMPLOYER & EMPLOYE**

(250 W3) An employer, whether self-insurer or otherwise, cannot recover from any source any sum to reimburse an amount paid under the Workmen's Compensation Law to injured employees, whether the injury results from the negligence of some third party, or otherwise.

The third paragraph of the syllabus in the case of the **Ohio Public Service Co. v. Sharkey, Admr., 117 Ohio St. 586.** is hereby overruled.

Marshall, CJ, Kinkade, Robinson, Jones, Matthias and Day, JJ, concur.