Allen, J.
 

 The steel company was a self-insuring employer, under the Workmen’s Compensation Act (Section 1465-37
 
 et seq.,
 
 General Code). The furnace company employed the steel company, as an independent contractor, to furnish the necessary labor and materials therefor, and to construct a piece of work for the furnace company, upon the property of the furnace company. While the employees of the steel company were engaged in performing the work so undertaken, one of the employees of the steel company was seriously injured, crippled for life, as a direct and proximate result of negligence on the part of an employee of the furnace company. The injured employee applied to the steel company, his employer, for an award in his favor, pursuant to the provisions of the Workmen’s Compensation Act, and the steel company granted this request of its employee, and pursuant thereto began paying to the employee the amount of the award so made, and continued to pay the same until the aggregate payments thereof amounted to $2,800, in round figures
 

 Thereafter the injured employee brought an action, by reason of the same injury, against the furnace company. This action resulted in a judgment against the furnace company, in favor of the injured employee of the steel company, in the sum of 10,000, which judgment was affirmed by the Court of Appeals (27 Ohio App., 522, 161 N. E., 238)
 
 *396
 
 and by this court (111 Ohio St., 791, 146 N. E., 306), and this amount was paid by the furnace company as its full liability to the party injured for all injuries received.
 

 Thereafter the steel company made demand upon the furnace company for reimbursement to it by the furnace company of the $2,800 paid by the steel company to its injured employee, as stated. This demand was refused by the furnace company, and the present action was then brought by the steel company to recover the $2,800 from the furnace company. The furnace company filed a general demurrer to the petition, and this demurrer was sustained by the trial court. The plaintiff not desiring to plead further judgment was entered in favor of the furnace company. The judgment of the trial court was affirmed by the Court of Appeals and the steel company now prosecutes error to this court.
 

 The sole question in the case is whether the facts as stated give rise to a cause of action in favor of the steel company against the furnace company. The furnace company insists that the payments so made by the steel company to its injured employee pursuant to the provisions of the 'Workmen’s Compensation Act are damages too remote to be recovered against the furnace company in this action. Furthermore, the furnace company claims that such reimbursement could not be enforced by the steel company even if the furnace company had agreed as a part of the contract of construction that in the event any of the employees of the steel company were injured by the negligence of the employees of the furnace company, and the steel company was thereby required to compensate the injured em
 
 *397
 
 ployee pursuant to the provisions of the Workmen’s Compensation Act, the furnace company -would reimburse the steel company for the amounts so paid.
 

 No statute is cited in support of the claim that the cause of action exists. We are concededly asked to read into the Workmen’s Compensation Act such a provision, upon the ground that the general spirit of the statute compels us to hold that the steel company can recover. Section 1465-101, General Code, disposes of this argument completely. That section reads as follows:
 

 “All contracts and agreements shall be,' absolutely void and of no effect which undertake to' indemnify or insure an employer against loss or liability for the payment of compensation to workmen or their dependents, for death, injury or occupational disease occasioned in the course of such workmen’s employment, or which provide that the insurer shall pay such compensation, or which indemnify the employer against damages when the injury, disease or death arises from the failure to comply with any lawful requirement for the protection of the lives, health and safety of employees, or when the same is occasioned by the willful act of the employer or any of his officers or agents, or by which it is agreed that the insurer shall pay any such damages. No license or authority to enter into any such agreements or issue any such policies of insurance shall be granted or issued by any public authority.”
 

 Nothing could be clearer than that the legislature, by the provisions of this section, indicated its intention to prevent the reimbursement of the employer for any amount paid pursuant to the provisions of
 
 *398
 
 the Workmen’s Compensation Act to an injured employee.
 

 In the suit against the furnace company by the employee
 
 (Trumbull Cliffs Furnace Co.
 
 v.
 
 Shachov
 
 sky, 111 Ohio St., 791, 146 N. E., 306), the furnace company defended on the ground that the injured employee could not accept an award made by his own employer and then prosecute his action direct against the furnace company. The furnace company did not take the position in that case that the injured employee might recover the difference between what he had received from the steel company and a sum sufficient to make up his full loss in the premises. The furnace company was not admitting its liability for any portion of the employee’s loss, but was denying the entire liability. The action resulted, as stated, in a recovery of $10,000 by the injured employee. The furnace company contends that that recovery was the full measure of the injury sustained by the employee, and that, having paid the full amount, it cannot now be compelled to make additional payment to the steel company; while the steel company insists that the proper course for the furnace company to have pursued would have been to have withheld a sufficient part of the amount recovered by the injured employee to indemnify the steel company for the amount it advanced to its injured employee.
 

 In some of the states, the Workmen’s Compensation Act recognizes this right of reimbursement where there has been a full recovery in a direct suit against a third party whose negligence was the cause of the injury, but nothing of that kind ap
 
 *399
 
 pears in the Workmen’s Compensation Act of Ohio. Moreover, if a policy of insurance had been taken out by the steel company, which obligated the insurer to reimburse the steel company for any payments it might be required to make to its injured employees pursuant to the terms of the Workmen’s Compensation Act, such policy of insurance, under the statute, would be entirely void, and no recovery could be made thereunder against the insurance company by the steel company. In- view of the lack of statutory provision upon this subject, and also in view of the provisions of Section 1465-101,
 
 supra,
 
 we are unable to see any merit in the claim of the plaintiff in error.
 

 It is urged that this holding is inconsistent with the third paragraph of the syllabus in the case of
 
 Ohio Public Service Co.
 
 v.
 
 Sharkey, Adm’r.,
 
 117 Ohio St., 586, 160 N. E., 687. This paragraph reads:
 

 “Recovery in such action at law can only be
 
 pro tanto,
 
 and only for such portion of the damage as has not been compensated for by allowance under the Workmen’s Compensation Act.”
 

 All of the members of this court think that the two decisions are irreconcilable on principle. The decision in the
 
 Sharkey case
 
 was rendered after unusual consideration, both upon the hearing and upon application for rehearing. The court did not, how-' ever, at that time have the benefit of the presentation of many considerations which the instant case has offered. We think that the decision in the third paragraph of the syllabus of the
 
 Sharkey case
 
 is erroneous, and therefore overrule it.
 

 The trial court and the Court of Appeals were
 
 *400
 
 correct in sustaining the demurrer to the petition. The judgment of the lower courts will' be affirmed.
 

 Judgment affirmed.
 

 Marshall, O. J., Kinkade, Robinson, Matthias and Day, JJ., concur.