McDOWELL *v.* ROCKEY.

(Decided May 17, 1929.)

*Mr. James Joyce, Mr. James Glenn* and *Mr. C. B. Hunt,* for plaintiff in error.

*Messrs. Pomerene & Pomerene,* for defendant in error.

SHERICK, J. The parties here are in an order the reverse of that held in the trial court, and will be referred to herein as they stood in the court below.

On the 24th day of February, 1928, the plaintiff,

Ralph M. Rockey, an employee and traveling salesman of the Tippecanoe City Tire Works Company, was a paying guest of the Coshocton Hotel, owned and operated by the defendant, John McDowell. The hotel is of three floors, and contains an electric passenger elevator, operated by the owner, clerks, and porters. The defendant admits that for a period of eleven years the elevator was not equipped with automatic gates or doors, that the only door in the lobby floor was the cage door, and that the hall, or approach to the elevator, was dark or dimly lighted; that no light was provided before the cage door; that there was usually a light in the cage; that the elevator shaft was lined with dark brick, which had not been cleaned since 1917; and that the cage was of dark color.

The plaintiff, in seeking passage from the lobby to his room on the third floor, entered said hallway, found the door open at the elevator, stepped in, and fell to the bottom of the shaft, a distance of about twelve feet, the cage at the time having been left by some one at the second floor.

The plaintiff's employer, the Tire Works Company, was a contributor to the State Industrial Insurance Fund. Plaintiff made application to the Industrial Commission for compensation, which it allowed for permanent injury. The award was made payable in installments, some of which had been paid at the time of trial. The commission had also paid the plaintiff's medical and hospital bills.

The plaintiff in his fall seems to have sustained a broken leg, and was otherwise severely and permanently injured.

The defendant set forth three defenses, first, neg-

ligence is denied; second, that any injury the plaintiff received was occasioned by the fault and negligence of plaintiff, himself; third, that the plaintiff had been, or would be, fully compensated by the Industrial Commission for his injury, and hence the defendant was not liable.

The evidence further raised the question of contributory negligence.

Upon the issues joined, the jury found in favor of the plaintiff, and judgment was entered accordingly, from which error is prosecuted.

The petition in error alleges nine grounds of error, three of which only are insisted upon in this court, and these we will consider in the order presented.

It is contended that the trial court erred in its refusal to give defendant's special requests Nos. 10 and 11, as asked to do before argument. An examination of the record discloses that no exception was taken by the defendant to the court's refusal to give defendant's request No. 11. Hence we cannot consider this claimed error. However, we remark that what we are about to say concerning request No. 10 is equally apropos of request No. 11.

Request No. 10 is long, and involves the third defense set forth in the defendant's amended answer. This request was based upon the third paragraph of the syllabus in the case of *Ohio Public Service Co.* v. *Sharkey, Admr.*, 117 Ohio St., 586, 160 N. E., 687, but, unfortunately for the plaintiff in error, the *pro tanto* theory of recovery has most recently been reconsidered and rightly overruled by the Supreme Court in the case of *Truscon Steel Co.* v. *Trumbull Cliffs Furnace Co.*, 120 Ohio St., 394, 166 N. E., 368.

We therefore find that the law as announced in the case of *Trumbull Cliffs Furnace Co.* v. *Shachovsky,* 111 Ohio St., 791, 146 N. E., 306, was applicable at the time of trial of the instant case, and not that of the third syllabus of the *Sharkey case,* and that the workmen's compensation allowance is an occupational insurance, and, like general insurance, cannot be deducted and treated as an offset for claims for damages in an action by an injured employee against a third party who caused his injury.

We note from the transcript that the plaintiff demurred to the defendant's third defense and, had the trial court been advised of the future change of mind of the Supreme Court, the demurrer undoubtedly would have been sustained and a great deal of confusion avoided in the trial of this cause.

Taking the view announced, we are of one mind that defendant's request No. 10 was properly refused.

The second error complained of is that the trial court refused to instruct the jury to make eleven special findings.

The record discloses the following: "And the defendant also requested the court to instruct the jury to make the special findings that follow, which request was refused by the court, to which defendant then and there excepted."

The defendant insists that, by virtue of the provisions of Section 11463, General Code, the court had no discretion, but that a mandatory duty rested upon the court to direct the jury to bring in with its verdict the special findings of fact requested by the defendant. On the other hand, the plaintiff contends that the trial court was right in so refusing by rea-

son of the number and length of the findings, and that the answers thereto would not have established such ultimate and determinative facts as would test the correctness of the general verdict, but were only probative in character, and sought to ascertain the mental process of the jury.

Upon due thought, we are led to the conclusion that, considering the manner and language used in the offering and requesting of these special findings, the court was not bound to consider the merit of the questions, but rightly refused the same. The case of *Gale* v. *Priddy,* 66 Ohio St., 400, 64 N. E., 437, is in point:

"1. A request that the court will direct the jury to render a special verdict in writing, upon any or all of the issues in the case, is not a request to instruct the jury that if they find a general verdict, they shall find specially upon particular questions of fact, as provided in Revised Statutes, Section 5201.

"2. Revised Statutes, Section 5201, so far as it relates to special findings upon particular questions of fact, is mandatory only when the request therefor contains the condition that the questions which are submitted shall be answered in case a general verdict shall be rendered."

The Supreme Court at a later date, in the case of *Mellon, Dir. Genl. of Rds.,* v. *Weber,* 115 Ohio St., 91, 105, 152 N. E., 753, cites with approval its former holding in *Gale* v. *Priddy, supra.* Section 5201, Revised Statutes, and Section 11463, General Code, are one and the same section. It may therefore be considered that a request for special findings of fact under the statute is only mandatory when the questions are proper in form and the request therefor

contains the condition that the same shall be answered in case a general verdict shall be rendered. This rule was, no doubt, in the mind of the trial court when the request was refused.

The third ground of error is embodied in the refusal of the court, upon the motion of the defendant, at the close of the plaintiff's evidence, and at the close of all the evidence, to direct a verdict in favor of the defendant.

This ground is naturally predicated upon the assumption that the plaintiff admits negligence upon his part, or that the undisputed facts disclose that the plaintiff was negligent. The first assumption may safely be eliminated. An examination of the evidence discloses that the plaintiff strenuously denies that he was negligent. It is both affirmed and denied that the plaintiff was warned, or told to wait for the defendant's employee, or told to go ahead. The evidence is therefore in dispute. No citation of authorities should be necessary in affirming the oft-repeated doctrine of the scintilla rule, and in determining that the question is one of fact and should go to the jury, under proper instructions.

The first syllabus of *Babbitt* v. *Say, Admr.*, 120 Ohio St., 177, 165 N. E., 721, is in point.

More difficulty is encountered in consideration of the second phase. The defendant contends that the case of *Flury* v. *Central Publishing House*, 118 Ohio St., 154, 160 N. E., 679; *Id.*, 25 Ohio App., 214, 157 N. E., 794, is authority. With this view we are not in accord. In the *Flury case* the injured party was only an invitee; here he was a paying guest. In that case a freight elevator shaft and a closed door were controlling facts. Here the question concerns a passenger elevator in an inn, and an open door.

In the instant case, there is another marked point of difference. The defendant admits that he has failed to comply with paragraphs 4 and 6 of Section 1027 of the General Code, and that for eleven years no gates have been maintained on his elevator and that the hall has been left unlighted. The defendant's violation of the statute, passed for the protection of the public, is negligence *per se*. This question does not enter into the *Flury case*.

In arriving at the law applicable to the present facts we recognize that an innkeeper is not an insurer of his guest's safety, but that he is chargeable with the highest degree of care towards his guest when he invites him to use the passenger elevator in his hotel, for which privilege the innkeeper is compensated by his guest. We do not agree with some authorities that the owner and operator of an elevator is a common carrier of passengers, for such is not true, but we do hold that the degree of care required of an innkeeper towards his guest, with reference to his passenger elevator, is similar to that of a common carrier towards its passenger.

We are of the further opinion that an elevator, or the approach thereto, or the entrance to the shaft of a passenger elevator in a hotel, which guests are invited to use, is not ordinarily a place of danger. Where the elevator approach is but dimly lighted, and the guest finds the door open, and is deceived by the resemblance of the inside of the shaft to the cage, he may be justified in thinking that he is entering the car, when, in fact, it is absent. Under such circumstances, a guest's contributing negligence is surely a question of fact for the jury and not one of law. Of course, a guest cannot walk blindly through

an elevator door, but, if a hasty and cursory examination would lead an ordinarily prudent person to suppose that the car is at the floor, he is not necessarily negligent if he proceeds on that assumption.

We are brought to these conclusions by a careful examination of many authorities, and we feel our position to be in part sustained by *Schaber, Exr.,* v. *Young,* 18 C. C. (N. S.), 342, 33 C. D., 73; *Chamber of Commerce Building Co.* v. *Klussman,* 15 C. D., 728, 2 C. C. (N. S.), 83; and *Breuer* v. *Frank,* 3 N. P. (N. S.), 581, affirmed 74 Ohio St., 519, 78 N. E., 1119, without report.

We have carefully examined the general charge, and the plaintiff's special requests Nos. 1 and 11, as given, and also defendant's special requests Nos. 6, 7, 8, and 9, not given, and find no error therein prejudicial to the substantial rights of the plaintiff in error, but to some of which the defendant in error might have rightly objected. Our attention not having been directed to any particular claimed error in the admission or exclusion of evidence, we assume that none such exists.

We therefore find that no error of a prejudicial nature intervened affecting the defendant's substantial rights, and that manifest justice has been done.

It therefore follows that the motion for a new trial was properly overruled, and this cause is affirmed.

*Judgment affirmed.*

LEMERT, P. J., and HOUCK, J., concur.