### PAPPAS v. BALTIMORE & O. R. CO.

Circuit Court of Appeals, Sixth Circuit. January 14, 1930.

No. 5342.

S. T. Gaines, of Cleveland, Ohio (Borden & Gaines, of Cleveland, Ohio, on the brief), for appellant.

W. T. Kinder, of Cleveland, Ohio (Tolles, Hogsett & Ginn, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON, MOORMAN and HICKS, Circuit Judges.

PER CURIAM. The railroad company, as a connecting and delivering carrier, set out a car of coal upon the side track of a coal dealer by whom Pappas was employed. The coal car had a tilting bottom, which was wound up into closed position by using a crank fixed on the end of a shaft, projecting through the side rail of the car below the floor. This shaft carried a rachet, which engaged with a dog pivoted in the side rail. Also pivoted thereto was some kind of a cam lever which would wedge against the dog when in locking engagement with the rachet. Thus the tilting bottom would be held in position. As Pappas was engaged in releasing this lock, the rachet engagement suddenly released, and Pappas' hand was caught and injured. Upon the trial of his damage ac-

tion therefor, the jury found a verdict against him.

■ Upon the trial, it appeared that the plaintiff was entitled to and was receiving, from his employer or from a state fund, payments under the Ohio Workmen's Compensation Act. The court instructed the jury that these payments, as received and as expected, might be taken into account in determining plaintiff's damages in this case. This was in accordance with the general understanding at that time as to the construction which had been given by the Ohio Supreme Court. Ohio Public Service Co. v. Sharkey, 117 Ohio St. 586, 160 N. E. 687. After the trial in this case, that court announced the contrary conclusion (Truscon Steel Co. v. Trumbull Cliffs Furnace Co., 120 Ohio St. 394, 166 N. E. 368), and thus the instructions here given became error. Appellee says it was error without prejudice, as the jury found for the defendant generally. Ordinarily, this would be true; here the jury might very well have concluded from the evidence that the payments would continue as long as the injury probably would, and that in amount they were fully sufficient to compensate for the damages suffered. While, in this event, the logical verdict would have been for the plaintiff for nominal damages, no one can be at all sure that the jury did not take what they thought a short cut to the same result. Upon such a record we do not feel sufficiently satisfied that the error was without prejudice so that we may disregard it under the provisions of section 269, Judicial Code (section 391, tit. 28, USCA). See U. S. v. River Rouge Co., 269 U. S. 411, 421, 46 S. Ct. 144, 70 L. Ed. 339.

■■ Appellee says that the error was further without prejudice because the defendant was entitled to an instructed verdict. It is the duty of the party who relies upon that contention to bring to this court, or to see that there is brought here, a record complete and clear enough so that this court can understand the point of the dispute. There is here neither photograph nor sketch nor intelligent description by any witness of the device which was said to be out of order nor of the particulars in which the defect was claimed. There was, on the part of the plaintiff, some testimony as to the character of the defect which, though vague, might have been enough to go to the jury; but, if the contrary was claimed, the insufficiency should have been made clear by putting the details before us. It is said that it is customary upon the shipment of these cars for the con-

signor to drive in some sort of an additional wooden block or wedge which would conceal the defect from Pappas when he began to work, and yet would not have excused failure to find it upon the inspection by the railroad. This may not be probable, but we cannot say it is impossible, upon a record which is not, in this respect, intelligible. Further, the briefs give us no help as to exactly what the measure of liability of the delivering carrier is, under such circumstances and with reference to such a defect. Unfortunate as it is to reverse a case for a new trial when perhaps upon the undisputed facts plaintiff cannot recover, that course must be taken when these facts are not made clear to us. This record is of the type which is constantly giving us trouble, particularly in cases against railroads from some parts of the circuit. Though dependent upon the question whether there was any evidence to go to the jury, these records frequently come here with the narrative of testimony so condensed as to be plainly undependable, and without maps, photographs, sketches, or models, which are essential. The necessary details are either omitted from the trial because so familiar to the parties and counsel, or are omitted from the appeal record through carelessness. We are compelled to treat such records, as we do this one, as too imperfect to permit a fair and full determination of the question presented.

The judgment is reversed, and the case remanded for further appropriate proceedings.