## THOMPSON v. HOCKING VALLEY RY. CO.

### No. 5470.

Circuit Court of Appeals, Sixth Circuit.

Nov. 5, 1930.

J. C. Luckay, of Cleveland, Ohio (Bernsteen & Bernsteen, of Cleveland, Ohio, on the brief), for appellant.

J. P. Wood, of Cleveland, Ohio (Wilson & Rector, of Columbus, Ohio, and Tolles, Hogsett & Ginn, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON and MOORMAN, Circuit Judges, and ANDERSON, District Judge.

### PER CURIAM.

This case was presented to the court below as being an action for negligence under the Federal Employers' Liability Act (45 USCA §§ 51–59). The court thought that plaintiff's proofs did not tend to show negligence, and so instructed a verdict for defendant. It is now apparent that the petition's claim for relief, "under the Federal Employers' Liability Act and the amendments thereto," and the stated facts in the petition, went far toward making a case under the Boiler Inspection Act (45 USCA § 22 et seq.); indeed, the defect charged pertained wholly to a locomotive boiler and its connections. True, the petition did not, in so many words, say that the locomotive was, at the critical time, in use on the line; but, if this was a defect in pleading, it should have been pointed out by demurrer, and correction would have been allowed. Whether the

facts as stated and proved constituted the essential use on the line would have been a question for argument and decision.

■ Thinking, as we do, that it was not right to instruct a verdict, while ignoring the theory of liability under the Boiler Inspection Act, we conclude that continuing to ignore it is not required merely because plaintiff's counsel did not present this theory of liability to the trial court or to this court. For the reasons underlying the opinion of the court in Rice v. B. & O. R. R. (C. C. A.) 42 F.(2d) 387 filed June 28, 1930, and more fully elaborated by Judge Hickenlooper in his separate opinion (concurring on this point though dissenting as to waiver), we think we should give attention to this theory. It may or may not be applicable to the facts of this case, but, if it is, and if this appliance was really unsafe, plaintiff's right to recover is so clear that the "shortcomings of counsel" ought not to be given fatal effect.

■ . Here, as in the Rice Case, it is pointed out to us that this particular District Court did not have rightful venue in an action under the Boiler Inspection Act, because neither plaintiff nor defendant railroad was an inhabitant of the Northern District of Ohio; but that is a defect of territorial jurisdiction which is waived, unless urged at the first opportunity. In the Rice Case it was thought by the majority that as the lack of venue,—of territorial jurisdiction,—had been urged by counsel and considered by the court at the end of the trial, there had been, under the circumstances of that case, no waiver of the point by not presenting it earlier. The point was therefore sustained. In the present case there is nothing to indicate that this lack of territorial jurisdiction was ever urged by counsel or considered by the trial court. The defect was therefore waived.

Upon the brief and insufficient summary of the testimony contained in the present record, we think we ought not to determine whether the evidence made a case for submission to the jury under the Boiler Inspection Act. The case not having been tried nor the record prepared upon that theory, we can feel no certainty that a decision of that question upon this record would be just. Whether, on the one hand, something more should have been done by the railroad company to meet its duty under the act, or whether, on the other hand, the event was the natural, if not the inevitable, result of Thompson's manipulation, could be fully developed upon another trial. Since upon another trial the evidence may be and should be more inform-

ing as to the real cause of the injury, we are also not willing to decide whether a case of negligence was on this record made out for submission. We repeat the comment which we made in Pappas v. B. & O. R. R., 37 F.(2d) 271. A drawing or model of the part involved, and such expert explanation as might be indicated, would at least show what the witnesses were talking about, and remove some, if not all, uncertainty.

The judgment is reversed, and the case remanded for new trial.