## McBRIDE v MAY DEPT. STORES CO

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided April 27, 1931

Burgert & Stearns, and Dunlap, Stephens & Stephens, Cleveland, for plaintiff in error.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, 5th Dist, sitting.

MONTGOMERY, J.

Plaintiff in error contends that the court should have charged that the same degree of care is required as of a common carrier of passengers, namely, the highest degree of care.

It is apparent, therefore, that the only question before this court is the degree of care incumbent upon defendant and what the charge of the trial court should have been in this respect.

We hold that the bill of exceptions is sufficient to show the issues presented and sufficient to indicate what should be the correct charge in this respect.

Attention is directed to the case of **Mc-Dowell v Rockey, 32 Oh Ap, 27,** decided by this court sitting in Coshocton county, Ohio. In passing upon that case, consideration was given to the authorities cited by counsel in the case at bar and suffice it to say that this court as now constituted adheres to the ruling of the court in the Coshocton county case. The sixth and seventh branches of the syllabi of that case are as follows:

"6. An innkeeper is not. an insurer of guest's safety but is chargeable with highest degree of care toward guest invited to use passenger elevator of hotel.

7. The operator of a passenger elevator in a hotel is not a common carrier of passengers, although degree of care required is similar to that of carrier toward passengers."

And on page 33 of the opinion the court said:

"In arriving at the law applicable to the present facts we recognize that an innkeeper is not an insurer of his guest's safety, but that he is chargeable with the highest degree of care toward his guest when he invites him to use the passenger elevator in his hotel, for which privilege the innkeeper is compensated by his guest. We do not agree with some authorities that the owner and operator of an elevator is a common carrier of passengers, for such is not true,

but we do hold that the degree of care required of an innkeeper toward his guest, with reference to his passenger elevator, is similar to that of a common carrier toward its passenger."

We further hold that there is no difference in principle between the ownership and operation of an elevator and an escalator. They are installed for the same purpose, the only difference being that one runs in a perpendicular fashion and the other 'at an angle of approximately forty-five degrees. Both are constructed for the benefit of customers of the owners. Both are intended as inducements to prospective customers to visit the establishment of the owner. Undoubtedly the owner profits from the installation and operation of each. An innkeeper profits because of the supposed increased patronage of his inn due to the installation of such a conveyance as an elevator. A storekeeper profits due to the supposed increased patronage of his store by the installation of an escalator which is simply a moving stairway. Both are taken into account by the proprietor and by the customers, as a part of the commodity bought or sold; in the one case, personal services, in the other, merchandise.

We hold, therefore, that it is the duty of the storekeeper owning and operating such an escalator to exercise the highest degree of care in its management and operation, and that the Common Pleas Court in charging the jury that only ordinary care was required committed reversible error.

SHERICK, PJ, and LEMERT, J, concur.