### HERBRUCK v BURGER IRON CO

Ohio Appeals, 9th Dist, Summit Co

No 2082. Decided Feb 22, 1933

Herbruck, Shetler, Melchior & Roach, Canton, for plaintiff in error.

Slabaugh, Seiberling, Huber & Guinther, Akron, for defendant in error.

WASHBURN, PJ.

At common law, Herbruck could maintain the action because said subcontractor, being an independent contractor, was a "third party" as to Herbruck and was in no sense the employer of Herbruck; and if Herbruck had had accident insurance and had been paid the amount of the same on account of said injury, that fact would not defeat his action nor lessen the amount he would be entitled to recover, and hence, if Herbruck's action against said subcontractor is defeated or affected by his acceptance of said compensation, it is because of the provisions of the workmen's compensation law.

In the brief in this court on behalf of said subcontractor it is stated—

"We are willing to concede that before the constitutional enactment of 1923, the judicial declarations in Ohio gave to the employee a right to sue the third person inflicting injury upon him and recover the full amount of damages occasioned to him without any reference whatever to the

amount of compensation which he, the employee, had · received from the workmen's compensation fund."

It is claimed, however, that in the cases so holding, "the third person was genuinely a stranger to the injured employee and was not engaged in any part of the same work in which the employee was himself engaged," and it is insisted that an injured employee who has received compensation under the workmen's compensation law cannot maintain an action against a "third party" if said third party and the injured employee's employer were engaged in a common enterprise and the injury was caused in the prosecution of such enterprise.

We do not find that, previous to the constitutional amendment of 1923, an injured employee who received compensation from his employer, was denied a right of action against a third party who had injured him simply because the injured employee's employer and such third party were engaged in the performance of independent contracts which were necessary to the completion of a certain enterprise, such as the construction of a building.

We regard the case of **Trumbull Cliffs Furnace Co. v Shachovsky, 111 Oh St 791,** as authority against the contention made by counsel for defendant in error in this case, that in order to be liable as a "third party" the party sued must be a "genuine stranger" to the injured party. In that case, according to the opinion of the Supreme Court, the Furnace Co. was building a building and the Truscon Steel Co. was engaged as an independent contractor to do a certain part· of the work of building said building; the employees of both companies were working on said building—one company doing a part of the work as owner, which corresponds to a principal contractor, and the other as contractee of the owner, which corresponds to a subcontractor; both had complied with the workmen's compensation law; an employee of the Steel Co. was injured by the negligence of an employee of the Furnace Co. while both of said employees were engaged in the actual construction of said building; and after receiving compensation through the Steel Co., such injured employee sued said Furnace . Co., and the Supreme Court held that his acceptance of such compensation did not defeat his right of action against the Furnace Co.

The theory of the case is that the compensation received was in the nature of an occupational insurance and its receipt did not affect the rights of the injured employee receiving the same against anyone who was not his employer. The fact that the employer of the injured employee and the party sued were engaged in a common enterprise and that the injury was caused in the prosecution of such enterprise, was not considered of any importance so long as the circumstances established that the party sued was not the employer of the party injured, and we regard that case as authority for the conclusion that, before the constitutional amendment of 1923, compensation under said law being in the nature of insurance, the injured employee who received such compensation *was not deprived of his common law action against the party responsible for his injury unless the circumstances were such as to create the relation of master and servant between them, even though the party sued had complied with the workmen's compensation law for the benefit of his employees and, as an independent contractor under the injured employee's employer, was engaged with the latter in the enterprise of building a building. While the court said that the statute under consideration (§1465-61 (3), GC) did not create the relation of master and servant between the party sued and the injured employee of an independent contractor, both of whom were engaged in the construction of a building, it also plainly said, it seems to us, that, so far as the right of an injured employee to sue a third party is concerned, a principal contractor is a third party to an employee of a subcontractor of said principal contractor, even though both of said contractors and their employees are engaged in the construction of a building and the injury is received while said parties are carrying out said enterprise—otherwise the judgment would not have been justified.

In this connection we do not see how the situation is affected at all by the fact that the injured employee's employer was a contractee of the owner of the building instead of being a contractee of a principal contractor, as in the instant case. The owner was actually engaged in the work of constructing the building and was, so far as this question is concerned, performing the functions of a principal contractor. And likewise, we cannot find that the situation is affected by the fact that in the instant case the injured employee was working for the principal contractor and sued the subcontractor instead of the suit being one brought by an employee of the subcontractor against the principal contractor.

After the decision in the case we have been considering (Furnace Co. v Shachovsky, supra), the constitutional amendment of 1923 was adopted. The provision in the constitution now reads in part as follows:

"Such compensation shall be in lieu of all other rights to compensation, or damages, * * * and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease."

Thereafter the Supreme Court, in the case of **The Ohio Public Service Co. v Sharkey, Admr., 117 Oh St 586, held,** it seems to us, that said amendment does not relate to nor affect the liability or nonliability of a third person for injury of an employee when the employee's employer and the third person have complied with the workmen's compensation law and the injured employee has received compensation under the law, and that, so far as our question is concerned, the law as applied in Trumbull Cliffs Furnace Co. v Shachovsky, supra, was not changed by said amendment.

In said case (Ohio Public Service Co. v Sharkey, Admr., supra), the injured employee was working for the Youngstown Sheet & Tube Co., which was engaged in the operation of its manufacturing plant, and the party sued, a power company, was engaged in furnishing electric current for the operation of said manufacturing plant. The power company erected a substation on the premises of the manufacturing company and in said building owned and operated certain oil switches, and in said building but on a different floor the manufacturing company owned and operated certain electrical equipment. The injured employee, while working for the manufacturing company, received an injury in the part of the building where the power company's oil switches were; said injury resulted in his death, and it was claimed that his death was caused by the negligence of the power company. His dependents applied for and received full compensation for said death under the workmen's compensation law, and thereafter the administrator of his estate sued the power company for causing said death and the power company answered, alleging that both companies had complied with the workmen's compensation law and that full compensation for said death had been paid under said law.

The Supreme Court affirmed the lower court's holding that said receipt of compensation was no defense to the action.

In the instant case it is urged, on behalf of the defendant in error, the alleged negligent subcontractor, that neither of the aforementioned Supreme Court cases are decisive of the instant case, and as one reason for so claiming, it is said that in each of said cases the party sued was not only a third party to the injured party but was a stranger to him in the sense that the party sued in each case was performing a task which had nothing whatever in common with the task being performed by the injured party, while in the instant case there was a definite relationship between the injured employee and the party sued, in that they were engaged in a common task, with a common risk which each employee in the enterprise had in common with every other employee on the job.

We are unable to make any such distinction between said cases and the instant case. It seems to us that in the Shachovsky case, the injured party, as an employee of an independent contractor, and the party sued, were engaged in the common task of constructing a building just as much as the party injured and the party sued in the instant case were engaged in a common enterprise; in fact, the common enterprise in both instances was the construction of a building; and in the Sharkey case the injured party and the party sued were engaged in the common enterprise of operating a manufacturing plant—the party injured as an employee of the owner or principal contractor, and the party sued as a contractee of said owner or principal contractor.

But if the claimed distinction existed, we think that the logic of said Supreme Court cases requires us to hold that it would make no difference so long as the circumstances are not such as to create the relation of master and servant between the party sued and the injured party.

In the Shachovsky case it is declared, so far as our question is concerned, that to establish the relationship of master and servant there must be a contract of service or some statutory enactment, and that in that case there was no statutory enactment creating that relationship; and in that case it was not claimed that there was a contract of service between the party sued and the injured party.

Our holding in the instant case may be expressed as follows:

In Ohio, the receipt by an injured employee of compensation under the work-

men's compensation law, is not a defense to his common law action to recover damages for his injury from any one who is not his employer under the provisions of said law.

The decisions in other states construe the different statutory or constitutional provisions relating to a situation where an employee sustains injuries because of the act of a person other than his employer and accepts compensation from his employer, but such provisions are dissimilar to the provisions in Ohio on the subject, and we therefore make no mention of the cases in other states.

For error in rendering judgment on the pleadings in favor of said subcontractor, defendant in error, the judgment is reversed and the cause remanded for trial.

FUNK, J, concurs.
STEVENS, J, not participating.