**SMITH v PURITAS SPRINGS PARK CO et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16048.   Decided Dec 20, 1937

Harrison & Marshman, Cleveland, for plaintiff-appellant.

Mooney, Hahn, Loeser, Keough & Fulton, Cleveland, for defendant-appellee, The Puritas Springs Park Co.

McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant-appellee, The Cleveland Coaster Co.

MONTGOMERY, PJ, SHERICK and LEMERT, JJ, (5th Dist) sitting by designation.

### OPINION

By MONTGOMERY, PJ.

The appellant brought an action in the Common Pleas Court against the two appellees for damages sustained by her while riding upon a certain amusement device known as the cyclone roller coaster. A verdict was directed on behalf of the defendant, The Puritas Springs Park Company, and while the appeal is against this order of dismissal, counsel for the appellant in open court announced that that phase of the appeal might be disregarded and the same is accordingly done.

The case proceeded to trial in the lower court against the defendant, The Cleveland Coaster Company. The jury returned a verdict for the defendant and judgment having been entered upon the verdict, this appeal was perfected to this court.

The assignments of error upon which reliance was placed by the appellant, are five in number, to-wit:

1. The refusal to charge on the doctrine of res ipsa loquitor.

2. The charge in reference to the duty owed to the plaintiff.

3. The exclusion of "exhibit J".

4. The exclusion of the testimony of Dr. Mountcastle.

5. That the verdict was against the weight of the evidence.

It seems to us that the doctrine of res ipsa loquitor has no application in this case. That doctrine applies to instances where the actual physical cause of the injury is some unusual occurrence or happening. It does not apply to a case where the only unusual thing is the nature of the injury sustained, and that is the instant case. Here there was no unusual happening insofar as this contrivance is concerned. It was operated in the usual manner. Nothing untoward took place except the injury sustained by the appellant and as to this she clearly assumed the risk.

The question of the degree of care with which the operator of this amusement device is charged, is the only question which has given us any concern. Counsel for appellant rely upon a Nisi Prius case of Sentker v Martin, 19 N.P. (N.S.) 445, and upon the decision of this court in the case of McBride v May Department Stores Co., 39 Oh Ap 420 (10 Abs 90).

As we will hereinafter point out, the Nisi Prius case is not in accordance with the weight of authority. The McBride case is not controlling. That was a case where a woman was injured while a patron of a store, riding upon an escalator provided by the store management for the benefit of its patrons. It seems to us that there is clearly a distinction to be drawn between the case of a common carrier, or the case of an innkeeper operating an elevator, or a department store operating an escalator, and the operator of an amusement device. In each of the three instances the conveyance is used for hire or services are rendered for which the patron pays directly or indirectly. In the use of such a thing as a

roller coaster, the motive inspiring the patron is altogether different. The motive in that case is the desire for a physical thrill. One using it anticipates an experience out of the ordinary, and as indicated heretofore, assumes the risk provided only that the proper degree of care is maintained by the owner of the device in its construction and operation.

An instructive case is that of Godfrey v Connecticut Company, 98 Conn. 63. In that case the plaintiff had been injured while sliding down a roller chute in an amusement resort, and the contention had been made that this contrivance was "inherently dangerous" in operation. The court reversed the judgment rendered on behalf of the claimant, and in the syllabus said:

"The mere possibility of injury through some cause or condition not likely to occur, does not justify the classification of an instrument as dangerous in itself or in its operation."

"It is the duty of those who have the charge and supervision of amusement resorts and structures therein, to exercise reasonable care to make and to keep them in a reasonably safe condition for the use of their patrons."

The opinion in the Connecticut case justifies considerable study and the discussion therein is decidedly applicable to the instant case.

We note the case of **Maehlman v Reuban Realty Co., 32 Oh Ap 54, (7 Abs 131),** the first branch of the syllabus which reads:

"Where one maintains bathing beach in his own interest, and in furtherance of such interest invites the public thereto, duty rests on him to exercise ordinary care in maintenance of beach for safety of his patrons; same rule applying to bathing beaches as to other places of amusement or recreation to which the public is invited."

To the same effect is the case of **Lake Brady Co. v Krontell, Admr., 123 Oh St 570.**

Attention is directed to 98 A.L.R. 558, and it is to be noted that this volume was issued in 1935. We find in the annotation this statement:

"In the earlier annotations, it is said that, while the proprietor or manager of a place of amusement or entertainment is held to a stricter accountability for injuries to patrons than owners of private premises gen-

erally, the rule is that he is not an insurer of the safety of patrons, but owes to them only what, under the particular circumstances, is 'ordinary' or 'reasonable' care."

Noted upon page 559 is the case of Lausterer v Dorney Park Coaster Co., (1930) 100 Pa. Super. Ct. 33, wherein it was held:

"The standard of care required of an owner of an amusement appliance, however, has not been determined in Pennsylvania insofar as we have been able to discover; but the prevailing rule in other jurisdictions is that his responsibility to his patrons is not that of a common carrier of passengers. He is required to exercise only the degree of care that would be expected of an ordinarily careful and prudent person. The more hazardous the amusement, the greater is the caution required; the care must be commensurate with the risk involved."

The charge of the court in the instant case, as found on pages 256, 257 and 258 of the bill of exceptions, is in conformity with this rule, and we find no error in it.

We think the court was justified in excluding from the consideration of the jury "exhibit J" for the reason stated by him in ordering the exclusion, and we find no error in the exclusion of the questioned evidence of Dr. Mountcastle.

We cannot find that the verdict was manifestly against the weight of the evidence. It follows that the judgment of the trial court will be and is affirmed. Exceptions may be noted.

SHERICK and LEMERT, JJ, concur.