SORCHAN *et al. v.* SCHELL *et al.*

*(Circuit Court, S. D. New York.* December 8, 1887.)

CUSTOMS DUTIES—PPOSPECTIVE PROTEST—SUCCEEDING FIRM.

> A prospective protest, made by one firm as to importations made by it, is not such a protest, as to similar importations made by a firm succeeding it in business, as is required of such succeeding firm by section 1 of the act of February 26, 1845, (5 U. S. St. at Large, 727.)

At Law. Action to recover back customs duties.

During 1858, and for some time prior thereto, Armand Lachaise, Victor Fauche, Marius A. Sorchan, and Julien L. Allien, constituted the firm of Lachaise, Fauche & Co., and in such firm name imported on February 10, 1858, by the ship Admiral, from France into the port of New York, certain "*mousseline delaines*" composed wholly of worsted, or worsted with a satin stripe. Duty at the rate of 24 per centum *ad valorem* was exacted on these *mousseline delaines* by Augustus Schell, then collector of customs, under the provision for "*delaines*" contained in Schedule C of the act of July 30, 1846, (9 U. S. St. at Large, 42,) as amended by the act of March 3, 1857, (11 U. S. St. at Large, 192.) Against this exaction of duty on these *mousseline delaines*, imported by the Admiral as aforesaid, the rate of 24 per centum *ad valorem*, the firm of Lachaise, Fauche & Co., made a protest, wherein they claimed that the same were dutiable at the rate of 19 per centum *ad valorem* under the provison for "manufactures of worsted," etc., contained in Schedule D of the said act of 1846, as amended as aforesaid. This protest concluded with the following prospective clause, *You are hereby notified that we desire and intend this protest to apply to all future similar importations made by us,* and was signed "*Lachaise, Fauche & Co.*" In 1859, the firm of Lachaise, Fauche & Co. was dissolved, and succeeded in business by the firm of Sorchan, Allien & Diggelmann, which was composed of the aforesaid Marius A. Sorchan, Julien A. Allien, (and Victor Fauche, as special partner,) and one Charles Diggelmann; the latter of whom had an interest in the profits of the firm of Lachaise, Fauche & Co.; the assets of the former firm passing to the latter firm. During the years 1860 and 1861 the firm of Sorchan, Allien & Diggelmann made, in their firm name, 14 importations from France into the same port, of like "*mousseline delaines*," upon which collector Schell exacted duty at the rate of 24 per centum *ad valorem*, under the aforesaid provision for "*delaines*;" but this firm made no protest against

this exaction. Thereafter the firm of Sorchan, Allien & Diggelmann brought this action to recover (besides other things) an alleged excess of duty of 5 per centum *ad valorem* exacted upon these 14 importations. The law which in 1858, 1859, and 1860 permitted the bringing of actions to recover alleged excessive duties, was the act of February 26, 1845, (section 1, 5 U. S. St. at Large, 727,) and, besides other things, it provided that no action should be maintained against a collector to recover such duties, unless the same were paid under protest, and "*unless the said protest was made in writing, and signed by the claimant at or before the payment of said duties.*" At the trial of this action it appeared that these 14 importations were dutiable at 19 per centum *ad valorem* as "manufactures of worsted," etc. The plaintiffs therein, the sole surviving partners of the firm of Sorchan, Allien & Diggelmann, made no attempt to prove the making by that firm of a protest as to these 14 importations; but introduced in evidence the aforesaid protest, by the Admiral, of Lachaise, Fauche & Co., and relied on the same by virtue of the concluding prospective clause thereof to recover the alleged excessive duty of 5 per centum *ad valorem* exacted on these 14 importations. At the close of the plaintiffs' case, the defendants' counsel moved the court to direct a verdict in favor of the defendants as to these 14 importations, on the ground that, as the protest by the Admiral, was a protest made and signed by Lachaise, Fauche & Co., the plaintiffs' firm of Sorchan, Allien & Diggelmann had made and signed in their name no protest as required by the said act of 1845.

*Almon W. Griswold,* for plaintiff, cited *Brune* v. *Marriott,* Taney, 132, 9 How. 619; *Steegman* v. *Maxwell,* 3 Blatchf. 365; *Hutton* v. *Schell,* 6 Blatchf. 48; *Welter* v. *Schell,* 11 Blatchf. 193; *Ullman* v. *Murphy,* Id. 354; *Herman* v. *Schell,* 18 Fed. Rep. 891.

*Stephen A. Walker,* U. S. Atty., and *Thomas Greenwood,* Asst. U. S. Atty., for defendants.

LACOMBE, J., *(orally.)* This is the *reductio ad absurdum* of the doctrine of prospective protests. To say that, because on some day in one year the collector is notified that the firm of Lachaise, Fauche & Co. object to paying the duties assessed on a certain class of goods for specified reasons, that officer is chargeable with notice that when, on another day, two years later, the firm of Sorchan, Allien & Diggelmann enter similar goods, they are objecting on the same grounds, and mean to take their claims into court, is preposterous. The collector is under no obligations to advise himself as to who composed the various firms he deals with. As indicated in *Fauche* v. *Schell, ante,* 336, this doctrine of prospective protests is a judicial graft upon the statute of February 26, 1845, (5 U. S. St. at Large, 727,) and it will be followed here only so far as the settled course of adjudication in this circuit has carried it. The present case as to these 14 entries lies outside of those limits, and I shall therefore, as to them, direct the jury to find for the defendant.