THE INDUSTRIAL COMMISSION OF OHIO v. COLLELA.

*Evidence—Judicial notice—Rules and regulations of Industrial Commission of Ohio—Commission not a court and proceedings not adversary—Appeal to Common Pleas Court—Record and transcript to contain, what—Jury entitled to entire transcript, and commission bound thereby, when—Workmen's compensation.*

1. The courts of Ohio are authorized to take judicial notice of the rules and regulations made and adopted, published and distributed, by the Industrial Commission of Ohio.

2. The Industrial Commission in hearing claims presented to it, does not sit as an ordinary trial court, and its proceedings are not adversary in their character, because the claimant does not occupy an antagonistic position to the commission, being as it were in the position of a ward and entitled to be looked after and protected by it.

3. When said commission admits any matters or things for consideration in arriving at its conclusion in disposing of a claim presented to it for allowance, all these matters and things should be put into the record and shown in the transcript certified by it to the Court of Common Pleas on appeal.

4. The matters and things considered by the Industrial Commission and shown in the transcript certified to the Court of Common Pleas on appeal, are proper for the consideration of the jury, sitting as an appellate board of awards, in arriving at a verdict, and the commission in the hearing before the jury is estopped from denying that these matters and things are evidence.

(Decided January 16, 1923.)

ERROR: Court of Appeals for Summit county.

*Mr. John G. Price,* attorney general; *Mr. R. R. Zurmehly,* and *Mr. A. W. Doyle,* prosecuting attorney, for plaintiff in error.

*Messrs. Smoyer, Clinedinst & Smoyer,* for defendant in error.

Pardee, J. The defendant in error, Andrea Collela, a former employe of the Firestone Tire & Rubber Co., filed his claim with the Industrial Commission of Ohio, in which he stated that on May 21, 1921, he was injured by an accident while working for that company in the ordinary course of his employment. The accident about which he complained was a right inguinal hernia, which he alleged resulted from lifting a roll of fabric weighing several hundred pounds. His claim was heard by the Industrial Commission on September 22, 1921, and was disallowed. Within time he filed his appeal in the Court of Common Pleas of Summit county. Pleadings were filed in that court in the regular way by him and the Industrial Commission, and the case went to trial before the court and jury on the transcript of the record of the proceedings had before the commission, parts of which were admitted in evidence. The trial resulted in a verdict for the plaintiff.

The jury found that the plaintiff was entitled to recover from the defendant compensation at the rate of $15 a week from the 1st day of June, 1921, to the 23d day of June, 1922—a total of $630. After the verdict was rendered a motion for a new trial was filed by the defendant, which was heard and overruled, and a judgment was entered on the verdict. The case is now here on error to reverse that judgment.

There are two principal grounds of error alleged by the plaintiff in error: first, that the trial court committed error in its rulings on the ad-

mission of evidence; and second, that the judgment is manifestly against the weight of the evidence.

The first ground of error alleged grows out of the recent amendment to the Workmen's Compensation Law, passed by the General Assembly of Ohio in 1921, and found in 109 Ohio Laws, page 296. When the matter came on for hearing before the court and jury, the claimant offered in evidence all the words and figures contained in the transcript attached to the answer filed by the commission in the proceeding, to the admission of which the attorney for the commission objected, and the court then admitted in evidence those parts of the transcript, which the court concluded were evidence, considered by the commission in arriving at its conclusion in rejecting the claim. The things which were admitted were done so separately, and the attorney for the commission took an exception to each as admitted. The claimant then attempted to introduce oral evidence to sustain his claim, which was objected to by the commission, and the court sustained the objection.

When the Workmen's Compensation Law was originally passed it provided for an appeal, as now, to the Court of Common Pleas, where the matter was to be tried in the ordinary way to a jury, if the claimant desired one. The amendment above referred to, on its face preserves to the claimant a right to a trial by jury, but limits him to the evidence contained in the transcript of the record, which is to be made up by the commission and attached to its answer.

The attorneys for the commission now claim that the transcript thus made does not contain any competent evidence, and that the trial court

committed error in admitting the matters con-
tained therein for the consideration of the jury.

When the Workmen's Compensation Law was
passed it was the intention of the people, through
the General Assembly, to provide a quick, inex-
pensive, effective and beneficent method for the
compensation of injured workmen, under nearly
all circumstances, and to relieve the workman from
the bitter contests, the expense and the technical
rules which had beset him in nearly every case in
which he had made a claim for damages growing
out of his employment. In furtherance of this
idea, the General Assembly provided by general
law that the Industrial Commission should make
and adopt reasonable and proper rules to govern
its proceedings; should regulate and provide for
the nature and extent of the proofs and evidence
and the method of taking and furnishing the same.
(Section 1465-44, General Code).

The General Assembly provided further that the
board should not be bound by the usual common-
law or statutory rules of evidence, or by any
technical formal rules of procedure, and it was
authorized to make investigations in such form and
manner as to ascertain and secure the substantial
rights of the parties in furtherance of justice and
the beneficent spirit of the law. (Section 1465-91,
General Code.) In furtherance of these provisions
the board did adopt rules and regulations, and
published and made a general distribution of the
same. One of the rules thus adopted and published
provides that proof of claims shall be made by affi-
davits, so far as possible, but the commission
especially reserved the right to receive other testi-
mony which would be satisfactory to itself, as well

as the right to make an investigation by its deputies so as to ascertain the cause and extent of the injuries complained of. These rules thus made, published and distributed, are of such importance and of such general interest, not only to employers and employes, but to the general public, that we are authorized to and do take judicial notice of the same—the same as we do of all laws of a general nature.

The transcript shows that the commission had had filed with it the affidavit of the claimant; the affidavit of a fellow workman; the report of the investigator of the board; the approval of the claim by the medical division of the board; the statement of facts as prepared by the director of claims and submitted by him to the board; and other papers—all in accordance with the rules and regulations of the board duly passed and adopted by it in furtherance of the authority conferred upon it by the General Assembly.

It has been held by the Supreme Court of Ohio, *Roma* v. *The Industrial Commission,* 97 Ohio St., 247, that when an appeal was taken under the former law the jury acted as an appellate board of awards, and that the finding of the jury and the judgment of the court entered thereon should have the same force and effect as a finding by the commission itself. If the jury under the law as it then stood should be considered as an appellate board of awards, how much more so should the jury be considered such under the present state of the law!

When the General Assembly passed this latest law, depriving the claimant of the right to offer additional testimony, including newly discovered

as well as additional evidence to support his claim, it must have had in mind that the jury hearing this appeal should be guided by the laws applicable to the board, and the rules adopted by it, when it arrived at its conclusion—that law which provides, as hereinbefore stated, that technical rules of evidence should be disregarded by the board, and that the same matters as shown by the transcript, although they would not be admitted in the trial of an ordinary civil action, should be considered by such appellate board of awards.

The commission does not sit as an ordinary trial court, and its proceedings are not adversary in their character, and the claimant does not occupy an antagonistic position to the board, but is in the position of a ward—entitled to be looked after and protected by it. It is common knowledge that claimants are discouraged from hiring anyone to represent them before the board, and the board undertakes to and does assume the burden of seeing that substantial justice is done the claimant. When the board admits any matter or thing for its consideration in arriving at its conclusion in disposing of the claim, it is right and proper that all these things considered by the board should be put into the record and considered by the appellate board of awards. If things are offered and considered by the board, and are shown in the transcript and duly certified, the board should be and is estopped from denying that these things are evidence, proper for the appellate board of awards to consider in arriving at a conclusion on its part in reviewing the decision of the board.

If the contention of the commission should be

sustained, then no claimant would be safe without having a lawyer to represent him before the board. He would be required to see that all matters submitted by him to substantiate his claim were in accordance with the law in the ordinary adversary proceeding in court, so that the claimant would be sure to make the strongest case he could, to protect himself in case his claim would be rejected. This would require the attendance of witnesses before the board or the taking of depositions; the making of expensive trips to the hearing; the payment of railroad fare and hotel bills; the loss of time; and other items of expense too numerous to mention. This would result, in most cases, in the practical nullification of the purpose of the law, and would work great hardship in most instances upon the claimant. We do not believe the General Assembly had any such idea in mind, though it did pass this unjust, unreasonable and apparently ill-considered amendment, which might and probably will deprive many workmen of their just dues.

We therefore hold that all the things and matters admitted by the trial court for the consideration of the jury in this case were properly admitted, and that there was no error committed by the court in so doing.

The claim is also made that the verdict of the jury is manifestly against the weight of the evidence.

We have carefully looked over the bill of exceptions and have read the matters contained in the transcript, which were submitted to the jury, and we are all of the opinion that the record shows that the claimant sustained the injury complained of on or about the day alleged, and that it was

caused in the manner stated by him, and we are at a loss to understand how the commission could have made the finding it did unless it totally ignored the proofs submitted and relied entirely upon the recommendation of the director of claims. We therefore hold that the jury was right in finding in favor of the claimant, and that such finding is not manifestly against the weight of the evidence.

The claim is also made that the jury committed error in allowing compensation from June 1, 1921, when claimant stated he did not work after May 25, 1921, but we will not disturb the verdict on such an unsubstantial error as this, or make a remittitur on account thereof; but we do find that the jury committed an error in allowing a lump sum of $630; and, following the rule announced by the Supreme Court in *Roma* v. *Industrial Comm.*, *supra,* we will modify the award and order the claimant to be paid at the rate of $15 a week for the period of forty-two weeks, the payments to start as of April 3, 1922, the date of the rendition of the judgment in the Court of Common Pleas. If at the end of that period the disability continues, the claimant under the law may make an application to the board for a modification of the terms of the award, and if he can substantiate his claim of continued disability the board should extend the period of payments.

Not finding any errors in the record, the judgment as modified is affirmed.

*Judgment modified, and affirmed as modified.*

WASHBURN, P. J., and FUNK, J., concur.