SCHMITT, APPELLANT, v. DOEHLER DIE CASTING CO.,
APPELLEE.

(No. 3955—Decided May 10, 1943.)

*Mr. Hyman S. Topper, Mr. Maurice H. Shapiro, Mr.
Marvin Traxler* and *Mr. M. R. Landry,* for appellant.
*Messrs. Fraser, Effler, Shumaker & Winn,* for appellee.

STUART, J.   The plaintiff, appellant herein, appeals
from a judgment of the trial court in favor of the defendant, appellee herein, rendered on a directed verdict, in an action brought under favor of Section
1465-90, General Code. The defendant is a self-insurer
under the workmen's compensation law.

The record discloses that the plaintiff's decedent
was employed by the defendant as a night engineer
and worked alone in what was called the air-compressor room in the defendant's place of business;
that on the night of October 2, 1938, he told the night

watchman, whom he found in the dispensary and who was the only other person about, that he had fallen; that the employees were required to report accidental injuries to the night watchman; and that at that time and hour there was no nurse on duty in the dispensary.

This statement, that he fell, was excluded by the Industrial Commission at the rehearing and by the trial court upon the trial, and an offer to prove the fact was properly made.

This statement is part of the *res gestae* and is an act corroborative of the record which the employer made in accordance with Section 1465-99, General Code, which provides: "Every employer of the state shall keep a record of all injuries, fatal or otherwise, received by his employees in the course of their employment. * * *" The statement was made to the only employee of the defendant present and to whom injured employees were required to report, and the fact that it was so made was recognized by the nurse and incorporated in her report set forth below.

The record further shows that on October 7, 1938, a nurse on duty in the dispensary of the defendant, whose duty it was to treat injuries sustained by employees in the course of their employment and to make records thereof, made and recorded on the decedent's card the following:

"10-7-38   States that 10-2-38—12 a. m. slipped and fell across a pipe which was about 1 ft. off floor. R chest hit pipe. Last night noticed R chest getting sore. Pain when taking deep breath. Pyrasin. See Dr. S. to-morrow.   Reported accident to Steve."

Steve was the night watchman.   The testimony of the nurse as to this report and record and the record itself were received in evidence by the commission. They were, however, excluded by the trial court, to which rulings the plaintiff duly excepted and made proper offers to prove the answers as given before

the commission and as shown in the transcript. These rulings by the trial court and the resulting direction of the verdict for the defendant are assigned as errors by the plaintiff.

The Supreme Court of the United States, in *Travelers' Ins. Co.* v. *Mosley,* 75 U. S. (8 Wall.), 397, 408, 19 L. Ed., 437, in holding that a declaration made by a decedent that he had fallen downstairs and almost killed himself, was part of the *res gestae,* says:

"In the complexity of human affairs, what is done and what is said are often so related that neither can be detached without leaving the residue fragmentary and distorted. There may be fraud and falsehood as to both; but there is no ground of objection to one that does not exist equally as to the other. To reject the *verbal fact* would not unfrequently have the same effect as to strike out the controlling member from a sentence, or the controlling sentence from its context. The doctrine of *res gestae* was considered, by this court, in *Beaver* v. *Taylor* [1 Wallace, 637]. What was said in that case need not be repeated. Here the principal fact is the bodily injury. The *res gestae* are the statements of the cause made by the assured almost contemporaneously with its occurrence, and those relating to the consequences made while the latter subsisted and were in progress. Where sickness or affection is the subject of inquiry, the sickness or affection is the principal fact. The *res gestae* are the declarations tending to show the reality of its existence, and its extent and character. The tendency of recent adjudications is to extend rather than to narrow, the scope of the doctrine. Rightly guarded in its practical application, there is no principle in the law of evidence more safe in its results. There is none which rests on a more solid basis of reason and authority. We think it was properly applied in the court below." .

To the same effect are *Southwestern Surety Ins. Co.* v. *Owens* (Tex. Civ. App.), 198 S. W., 662; *Travel-*

*ers' Protective Assn. of America* v. *West,* 102 F., 226.

While the statute, Section 1465-90, General Code, provides that upon the trial on appeal from the action of the commission, "the court may exclude from evidence such portions of the transcript which are not competent, material or relevant evidence and to which objection was made or/and exception taken at such rehearing before the commission and may admit in evidence such competent, material or relevant evidence as was excluded by the commission at such rehearing, over the objection and exception of the party offering the same," it seems to this court that the compensation act being remedial in character, should be liberally construed and applied.

Section 1465-91, General Code, provides:

"Such commission shall not be bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of his [this] act * * *."

It was held in *Industrial Commission* v. *Collela,* 17 Ohio App., 301, at page 306, that "the commission does not sit as an ordinary trial court, and its proceedings are not adversary in their character, and the claimant does not occupy an antagonistic position to the board, but is in the position of a ward—entitled to be looked after and protected by it."

In this case and in the many instances which must occur in industry where an employee is working alone, no other evidence of an injury may be available than a report made in the manner of the report under consideration here, and which, under favor of Section 12102-23, General Code, providing that "a record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or the person

who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission,'' may be admissible to prove the event therein recorded. The law required this record to be made.

The oral statement to the watchman and the written dispensary record being essential facts basic to the hypothetical question, they should have been received in evidence and the case submitted to the jury to determine whether such injury, if it was sustained, was the proximate cause of death.

The judgment is reversed and cause remanded for new trial in accordance with this opinion.

*Judgment reversed and caused remanded.*

LLOYD and CARPENTER, JJ., concur.