MIDVALE COAL CO., PLAINTIFF, *v.* CARDOX CORPORATION, DEFENDANT.

Common Pleas Court, Tuscarawas County.

Decided June 3, 1948.

*Messrs. Fisher, Smith & Renner,* for plaintiff.
*Messrs. Black, McCuskey, Souers & Arbaugh,* for defendant.

LAMNECK, J. The plaintiff corporation, claiming to be in the business of mining, producing and selling bituminous coal, seeks to recover the sum of $18,032.44 from the defendant in this case as the result of the defendant's alleged breach of a sale and service contract alleged to have been entered into between the parties on September 18, 1943.

The plaintiff claims that by the provisions of said agree-

ment, the defendant agreed to sell and install and the plaintiff agreed to buy and pay for certain equipment for blasting purposes in the conduct of its business of mining coal which the defendant agreed to maintain, at its own expense, in good serviceable condition for a period of three years, beginning on October 20, 1943; that the defendant did not keep a certain cartridge used in blasting which it sold to the plaintiff under said agreement, in good serviceable condition, and as a result said cartridge, when being used for blasting purposes on May 4, 1944, was forced backward with such force and violence that it ricocheted down an entry, striking and seriously injuring one of the plaintiff's employees; that said employee filed an application for Workmen's Compensation with the Industrial Commission of Ohio; that the claim of said employee was allowed by said Commission, and as a result thereof, the Industrial Commission of Ohio, under its five-year merit rating system for accident experience, increased the plaintiff's premiums from December 23, 1945 to September 1, 1948, in the sum of $13,082.45; and that it will be required to pay an additional amount in increased premiums, solely due to the influence of said accident and award, until July 1, 1950 in the amount of not less than $4,949.99.

The plaintiff seeks to recover its alleged increased premiums from the defendant in this action.

The defendant has demurred to the plaintiff's petition on the ground that the facts stated therein do not constitute a cause of action, and that is the question now before the court.

It is the contention of the defendant herein that the plaintiff is seeking to recover an amount paid by way of increased premiums to the Workmen's Compensation Fund, necessitated by an injury to an employee from a third party, tort feasor, which the plaintiff contends that its action is based on the theory that it is entitled to recover compensatory damages for breach of contract.

Ordinarily, a breach of a contract is not a tort unless there is a statute which authorizes a recovery for a breach of contract as for a tort.

Where a transaction has its origin in a contract which

places the parties in such a relation that in attempting to perform a promised service a tort is committed, the breach of the contract is not the gravamen of the action. The contract in such a case is a mere inducement creating the state of things which furnishes the occasion of the tort, and in all such cases the remedy is an action ex delicto and not an action ex contractu. (12 American Jurisprudence, Page 1042, Sec. 458.)

In an action based on tort, contributory negligence precludes an injured party from recovering, but in an action based on breach of contract, a plaintiff's negligence does not preclude recovery for a defendant's breach, but so much of the damages as are attributable to the plaintiff's negligences are excluded from the recovery.

From the foregoing, it would appear that the plaintiff's claim is not based on the negligence of the defendant in performing a promised service to the plaintiff, but rather in the alleged neglect to furnish a service which it had contracted to perform. The alleged breach of the contract by failure to perform is the gravamen of the action.

As increased payments required to be made to a Compensation Fund by an employer, by reason of injury to an employee caused by the tort of a third person, are not recoverable from the tort feasor unless authorized by statute, the cases cited by the parties to the court in which recovery was denied in tort feasor cases will not be considered further herein, except as they may throw some light on the question whether a plaintiff is entitled to recover compensatory damages for alleged breach of contract under the circumstances pleaded in the petition. (See *Crab Orchard Improvement Co.* v. *C. & O. R. R.*, 33 Fed., 580; *Truscon Steel Co.* v. *Trumbull Cliffs Furnace Co.*, 120 Ohio St., 394, 166 N. E., 368; *Northern State Contracting Co.* v. *Oakes*, 253 N. W., 371.)

A plaintiff can recover for a breach of a contract, compensation for only such consequences as would follow such a breach in the usual course of events. The law of torts and of contracts differ in this respect. For a tort a defendant becomes liable for all proximate consequences, while for a breach of contract he is liable only for consequences which were reasonably fore-

seeable at the time when it was entered into, as probable if the contract was broken. The consequences may have been foreseeable bcause they would occur in the natural course of events, or because though unusual, the defendant knew special facts making them probable. (Williston on Contracts, Sec. 1344.)

If a contract is made for the manufacture of a specific article or for specific work for a particular use or purpose, mutually contemplated by the parties, damages for a breach will be assessed with such scope as to afford compensation for any injury which may naturally and proximately result in respect to that object, whether that injury be in gains prevented or losses sustained. (Sutherland on Damages, Sec. 702.)

Under the common law, where injury was caused by the defect in a warranted article to a third person or to an employee of the purchaser, and the purchaser was compelled to pay damages to the party injured, the purchaser could recover damages from the seller if the defect in the thing sold was of a sort likely to cause the injury which in fact took place. (Williston on Contracts, Sec. 1394.)

Following this theory, the court, in *Dayton Power and Light* v. *Westinghouse Electric and Mfg. Co.*, 289 Fed., 439, 37 A. L. R., 849, held that in a petition in which an employer sought to recover the compensation which it was required to pay to an injured employee who was injured by a defective machine, from the manufacturer of the machine for breach of the manufacturer's warranty stated a cause of action.

It would therefore follow that the plaintiff's petition states a cause of action unless:

(A) Recovery is prohibited by law, or

(B) The damages claimed are too remote and too indirect to be recoverable.

Under Section 1465-101, General Code, as amended effective as of July 28, 1931, insofar as it relates to this case provides that:

"All contracts and agreements shall be absolutely void and of no effect which undertake to indemnify or insure an em-

ployer against loss or liability for the payment of compensation to workmen or their dependents . . ."

This section was enacted primarily to prevent liability insurance companies from underwriting workmen's compensation insurance in cases where employers were authorized by the Industrial Commission to pay compensation, etc., direct, under Section 1465-69, General Code.

This Court agrees with Judge Jones in his dissenting opinion in the case of *Truscon Steel Co.* v. *Trumbull Cliffs Furnace Company*, 120 Ohio St., 394, 166 N. E., 368, in which he held that Section 1465-101, General Code, as it then read, had no application to that case because no indemnifying agreement was made or was involved therein. In that case, a self-insuring employer sought to recover the compensation that it was required to pay to one of its employees who was injured by the negligence of a third party. The Syllabus holds that, "an employer, whether self-insured or otherwise, cannot recover from any source any sum to reimburse an amount paid under the Workmen's Compensation Law to injured employees, whether the injury results from the negligence of some third party, or otherwise."

The *Truscon Steel Co.* v. *Trumbull Cliffs Furnace Co.* case, supra, which was decided on April 24, 1929, would now take precedence over *Dayton Power and Light Co.* v. *Westinghouse Electric and Mfg. Co.*, supra, decided on March 9, 1923, under the pronouncement of the Supreme Court in *Erie Railroad Co.* v. *Tompkin*, 304 U. S., 64, 82 L. Ed., 1118, wherein Federal Courts are now required to follow the decisions and the statutory law of the respective states, unless the matter is governed by the Federal Constitution or by Acts of Congress.

Section 1465-101, General Code, has no application to the instant case because the plaintiff is seeking to recover herein, workmen's compensation premiums and not workmen's compensation benefits. The statute only applies to contracts, "which undertake to indemnify or insure an employer against loss or liability for the payment of compensation to workmen or their dependents."

Under the common law, an employer was only required to pay an employee who was injured in the course of his employment, damages when the employer was at fault. Recovery was denied in most cases under the "fellow servant rule" and the "assumption of risk doctrine," or if the employee's own negligence contributed to his injury.

Workmen's Compensation Laws were enacted to correct this situation because of the resulting injustices, and now an employee who is injured in the course of his employment for an amenable employer is entitled to compensation whether the employer is at fault in causing the injury or not. In fact, most industrial accidents result without any negligence on the part of the employer, and are caused by the inherent hazards of an industry.

The enactment of workmen's compensation laws is based on the theory that industry is the primary cause of the injury, and that the industry should be required to pay the expense as part of the cost of production. It is a reversion to some of the earlier theories that one who causes harm, no matter how innocently, must make it good.

Under these theories, an employer must pay the expense of providing workmen's compensation to an employee who is injured in the course of his employment, whether the injury is caused by the negligence of a fellow employee or the employee, himself, or by the acts or failure of a third person.

An employer cannot deduct any portion of the premium due the Industrial Commission from the wages or salary of an employee, whether it be an injured employee or one whose negligence causes a fellow employee to be injured. (See Section 1465-94, General Code.)

Workmen's Compensation is a species of compulsory insurance (see Section 1465-53, 54, General Code), for the benefit of the employee alone, which the employer is required to provide. For providing this insurance, an employer is relieved of former uncertain liabilities, and the employee surrenders former uncertain rights.

To allow an employer to recover the expense of providing workmen's compensation from another source would certainly

open up a new avenue of litigation which workmen's compensation laws were intended to forestall.

Under the facts pleaded in the petition, a situation is set up, if tenable, where the defendant might be liable for what could amount to double recovery for the same injury, viz., one for possible damages to the injured employee which the payment of compensation does not preclude, and second the plaintiff's claim against the defendant in this action. A double recovery against a defendant for a single injury is frowned upon by the courts.

Under Sections 10504-53, 10504-53a and 10504-54, General Code, the Industrial Commission must classify industries with respect to their degree of hazard, and fix basic rates of premium upon the losses sustained and the premium paid in each class. It also has authority to merit rate each individual employer. Under its rules which are published annually, of which the courts will take judicial notice (see *Ind. Com.* v. *Collella,* 17 Ohio App., 301), a risk that has had large accumulated losses may be penalized in excess of the basic rate and a risk that has had few losses is given a credit according to the favorable experience developed, but in merit rating an employer, the Industrial Commission must always maintain the basic principles of workmen's compensation insurance.

A single accident may or may not cause a risk to be penalized. The determining factor is the accumulated losses and premiums of the employer.

It is not reasonable to infer from the allegations pleaded in the petition that the parties had in mind at the time of the execution of the alleged contract, that one injury to an employee of the plaintiff, caused by the defendant's failure to perform its contract, would result in an increase of the plaintiff's workmen's compensation premiums over the basic rate. The whole of such increased premiums are not damages which naturally flow from the alleged breach of the contract in this case alone, but are influenced by many other considerations. Any damages arising out of special circumstances may only be recovered where it is shown that at the time of making the contract, the contracting parties had knowledge of such special circumstances.

The annual basic rate is determined by the experience of the industry as a whole for a period of the preceding five years. The plaintiff's individual experience had some bearing in fixing this basic rate. The amount required to be paid into the surplus fund also had some influence in its determination.

Some employers in the same class as the plaintiff were given credits for good experience which had a tendency to raise it, while others which had adverse experience were penalized which had a tendency to lower it. Since there is a limit on credits and penalizations so as to maintain the principles of insurance, it cannot be said that penalizations were equal to credits.

This accident made the ensuing basic rate higher for every employer in the same classification than it otherwise would have been. As a result, every employer with a good experience had a larger credit, while every employer with adverse experience had a larger penalization. The exact amount of increased premiums due to the injury described in the petition, under the complicated actuarial processes and determinations of the Industrial Commission which bases its rates not only on the experience of a class as a whole but also upon the individual experience of each employer in such class, is almost impossible of exact calculation.

The court is of the opinion that the alleged damages claimed by the plaintiff are not damages which would naturally flow from the alleged breach of the contract in question; that there is no indication that the parties had the special circumstances, out of which the plaintiff is claiming damages, in mind at the time of the execution of the alleged contract; and that the damages claimed are too remote and indirect to be recoverable.

It is therefore ordered that the demurrer be sustained. Exceptions noted.