### DEARHOUSE

v.

### BETHLEHEM STEEL CO. et al.

### Civ. A. No. 27988.

United States District Court
N. D. Ohio, E. D.
Jan. 13, 1954.

Young & Brigleb, Cleveland, Ohio, for Dearhouse.

Bulkley, Butler & Rini, Cleveland, Ohio, for Ford Motor Co.

McNAMEE, District Judge.

The question here presented is whether a release executed by plaintiff in favor of his employer, defendant Bethlehem Steel Company, discharging the employer's liability as a self-insurer under the Workmen's Compensation Law of Ohio, Gen.Code, § 1465–37 et seq., is effective to discharge the defendant Ford Motor Company from liability as a tortfeasor.

On January 12, 1951 plaintiff filed this action in the Common Pleas Court of Cuyahoga County alleging that he sustained personal injuries through the negligence of both defendants. On February 5, 1951 the case was removed to this court on the ground of diversity of citizenship. In his complaint plaintiff alleges that on October 20, 1950, the date he sustained his injuries, he was an employee of the Bethlehem Steel Company working on the premises of a new plant being constructed for Ford Motor Company. In its answer the Ford Motor Company denies that it was negligent in the respects charged by plaintiff. Bethlehem filed an answer on February 9, 1951 also denying the allegations of negligence; and as a second defense averred that it complied with the Workmen's Compensation Law of Ohio and qualified as a self-insurer under the provisions of Sec. 1465–69, G.C. of Ohio; that by reason thereof it is not liable to respond in damages at common law or by statute for any injuries sustained by plaintiff in the course of his employment. Thereafter, on June 21, 1953, plaintiff filed with the Industrial Commission of Ohio an application for approval of settlement with his employer, Bethlehem Steel Company. Upon approval of the Industrial Commission and in consideration of the receipt of $2,500 plaintiff executed a release to Bethlehem discharging the latter "from any and all claims, actions or causes of action which I now have * * * or in any manner growing out of my employment by the said Bethlehem Steel Company in Cleveland, Ohio during the years 1950 and 1951 and including but without in any

manner limiting the generality of the foregoing, any and all claims or demands under the Workmen's Compensation Laws of Ohio by reason of, or in any manner growing out of, accidental injuries sustained by me in said employment on or about the 20th day of October, 1950, which accident is more particularly described and referred to in Claim No. 332737–22 on the records of the Industrial Commission of Ohio."

It was also provided in the instrument that the approval of the Industrial Commission of Ohio "shall be and become a part of this release."

On February 16, 1953 plaintiff and Bethlehem filed a stipulation in this action "that defendant Bethlehem is dismissed as a party defendant with prejudice."

Thereafter defendant Ford filed its motion to dismiss this action against it on the ground that plaintiff's release of Bethlehem, one of the alleged tortfeasors, was in full satisfaction for the injuries sustained and is effective to release Ford from liability.

It is well settled in Ohio that—" * * * an absolute unqualified release in full satisfaction and discharge of one or more of several joint or concurring tort-feasors answerable for a single injury, implies receipt of full satisfaction for the injury sustained and for that reason is a release of all such tort-feasors, unless such release contains an express reservation of the right to pursue other of such tort-feasors than those so released." Garbe v. Halloran, 150 Ohio St. 476, 83 N. E.2d 217, 218.

To the same effect is Cleveland Railway Co. v. Nickel, 120 Ohio St. 133, 165 N.E. 719, and Adams Express Co. v. Beckwith, 100 Ohio St. 348, 126 N.E. 300. The Ohio cases follow the general rule which is based upon the principle that an injured person can have but one satisfaction for his injury and that the receipt of full satisfaction from one tortfeasor as consideration for a release op-

erates to discharge all others liable for the same injury. The courts have laid down the rule that if there is nothing in a release of one joint tort-feasor implying a different intent, the inference is warranted that the release was given in exchange for full compensation for the damage to which it relates. 34 Am.Jur. Sec. 36, p. 701. But in Ohio compensation received by an injured employee under the Workmen's Compensation Law is not considered to have been received in full satisfaction of damages for injuries caused by the negligence of a third party. Compensation provided by the Workmen's Compensation Law is regarded as being in the nature of occupational insurance, and the receipt of such compensation does not bar an action based upon negligence against a third party. Trumbull Cliffs Furnace Co. v. Shachovsky, 111 Ohio St. 791, 146 N.E. 306. And this is true even though the employer was also negligent, if it be established that the third party's negligence was a direct and proximate cause of the employee's injury. Fidelity & Casualty Co. v. Cedar Valley Elec. Co., 187 Iowa 1014, 174 N.W. 709. In an action by an injured employee against a third-party tort-feasor the amount of compensation received by such employee under the Workmen's Compensation Law may not be considered as *pro tanto* satisfaction of the recovery to which he is entitled in the action at law. Truscon Steel Co. v. Trumbull Cliffs Furnace Co., 120 Ohio St. 394, 166 N.E. 368. See also "Liability of Third Parties Under Ohio Workmen's Compensation Act," in Western Reserve Law Review, Vol. 5, p. 99 et seq. In view of the settled law of Ohio on this subject, no implication of full satisfaction can be read into the release here in question. The release to Bethlehem is obviously a discharge of its liability as an employer complying with the Workmen's Compensation Law of Ohio. As a self-insurer under that law Bethlehem was obligated, irrespective of fault, to compensate plaintiff for injuries sustained by him in the course of and arising out of his employment.

This obligation was discharged in a manner that met with the approval of the Industrial Commission of Ohio. Having paid the compensation required by the Workmen's Compensation Law, Bethlehem could not thereafter be held liable to plaintiff in an action at law based upon negligence. Sec. 1465–70, G.C. of Ohio. This would be true whether Bethlehem obtained a release from plaintiff or not. There is nothing in the release itself that implies a purpose to discharge any liability except that assumed by Bethlehem as a self-insuring employer. Nor can it be inferred from the terms of the release that it was given in exchange for full compensation for plaintiff's injuries.

■ Ford argues that plaintiff's claims before the Industrial Commission were disputed by Bethlehem and that the payment of the "round sum" of $2,500 by way of compromise was more than plaintiff was entitled to receive under the Workmen's Compensation Law and must therefore be considered as being in full satisfaction of all damages sustained by plaintiff on account of his injuries. Ford submits an affidavit of counsel for Bethlehem which recites that all claims made by plaintiff before the Industrial Commission were disputed and finally compromised by the settlement of January 21, 1953 and that the settlement was approved by the Industrial Commission. These claims were: (1) for total disability "up to and beyond May 1, 1951;" (2) for permanent partial disability; (3) additional compensation for alleged facial disfigurement. All of these claims arose out of the accidental injuries of October 20, 1950. It is a fair inference that a portion of the compensation paid was for "facial disfigurement." The amount attributable to that claim, however, is unknown. Sec. 1465–80, G.C. provides in part:

"In case an injury results in serious facial or head disfigurement which impairs the opportunities to secure or retain employment, the industrial commission of Ohio may,

in its discretion, make such award of compensation as it may deem proper and equitable, in view of the nature of the disfigurement and not to exceed the sum of thirty-seven hundred and fifty dollars."

It is also provided in Sec. 1465–69, G. C. that self-insuring employers shall pay compensation to their injured employees in an amount that shall not "be less than that paid or furnished out of the state insurance fund, in similar cases" by employers who contribute to said fund.

Sec. 1465–72, G.C. contains a similar provision, together with the following proviso:

"Provided, however, that if any rule or regulation of such employer so directly compensating his employees, shall provide for or authorize the payment of greater compensation * * * such employer shall be required to pay to such employees * * * the amount of compensation * * * provided by his said rules and regulations."

It is therefore apparent that under the provisions of the Workmen's Compensation Law of Ohio a self-insuring employer is permitted to pay to his injured employees compensation in excess of that which the employee would receive under an award made by the Industrial Commission in the case of a premium-paying employer. Whether the amount paid in settlement of plaintiff's claims against Bethlehem under the Workmen's Compensation Law was more than he was entitled to receive can not now be determined. There is nothing in the affidavit of counsel for Bethlehem or in the release executed by plaintiff that indicates that Bethlehem was compromising any claim other than its liability as a self-insurer under the Workmen's Compensation Law. In the absence of proof that the compensation received by plaintiff was in full satisfaction of the injuries he sustained, it cannot be held that the release discharges Ford from liability as a tort-feasor. The amount paid by Bethlehem was in the nature of occupational insurance, and under the pronouncements of the Ohio Supreme Court in Trumbull Cliffs Furnace Co. v. Shachovsky and Truscon Steel Co. v. Trumbull Cliffs Furnace Co., supra, such compensation may not be considered in partial or complete satisfaction of the injuries caused by the negligence of defendant Ford. No Ohio case on the precise point has been cited and there are but few pertinent authorities from other jurisdictions. Of interest, however, is the case of Ridgeway v. Sayre, Elec. Co., 258 Pa. 400, 102 A. 123, L.R.A. 1918A, 991, where it was held that the release of an employer by the acceptance of benefits under a relief fund does not affect the right of the employee against a joint tort-feasor. See also 35 Am.Jur. Sec. 525, p. 955. Closely analogous on its facts is Jacowicz v. Delaware, L. & W. R. Co., 87 N. J.L. 273, 92 A. 946, where it was held that a general release executed by a servant to his master upon receiving an award under the Workmen's Compensation Act to which award he was entitled irrespective of the negligence of the master, did not release a cause of action against a joint tort-feasor to recover for the injury.

Defendant Ford Motor Company's motion to dismiss is overruled.