866 F.2d 431
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth LIPPERT, Jr., Plaintiff-Appellant, Cross-Appellee,
v.
NORFOLK AND WESTERN RAILWAY COMPANY, Defendant-Appellee,
Cross-Appellant.
 Nos. 88-3038, 88-3071.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1989.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff/appellant Kenneth Lippert, Jr. appeals from a jury verdict in favor of the defendant railway (Norfolk) in his suit under the Federal Employer's Liability Act (FELA). Norfolk cross-appeals the district court's denial of its motion for directed verdict. We affirm the district court's judgment entered on the jury verdict.
 
 
 2
 * Plaintiff Lippert seeks to recover for injuries he allegedly suffered on December 28, 1983 while working on a coal train as it passed Waverly, Ohio on its way towards Bellevue, Ohio. Lippert, a brakeman, testified that he incurred his injuries while preparing to release 122 cars of coal on a siding. He stated that while attempting to connect an airhose to a coal car, he discovered that the airhose was worn out and would not make the connection. He then decided to replace the airhose. He went to the nearest engine to obtain a wrench. (A toolbox is standard equipment on every engine, and each box contains one fixed jaw, double-ended wrench.) Lippert obtained the wrench, glancing at it as he walked down the walkway of the engine. According to his testimony, he noticed that the wrench was shorter than normal and rusty. The end sticking out of his hand, though, appeared normal.
 
 
 3
 When he reached the airhose, Lippert first tried to unscrew the hose with his hands. When this did not work, he picked up the wrench and placed it directly over and around the nut. When he turned the wrench, it slipped and Lippert struck his elbow against a part of the train, injuring his arm. After three attempts to loosen the nut with the wrench, it finally loosened. After finishing the job, Lippert examined the wrench and observed that one end was badly worn and 'rounded out', meaning that the inside part of the wrench was smooth. Lippert did not report the accident until 9 1/2 hours later, and when he did report it, he did not mention the wrench. There were no witnesses to this incident, and the wrench has never been recovered.
 
 
 4
 Lippert's complaint was filed in October 1984. A trial was held in November 1985. At the end of Lippert's case, Norfolk moved for a directed verdict. The judge granted the motion. Lippert then appealed to this court. In February 1987, this court ordered that the judgment be reversed and remanded for a new trial. The case was then retried, resulting in a jury verdict for Norfolk. Lippert then filed this appeal.[1]
 
 II
 
 5
 Lippert contends that the district court erred in refusing to give instructions concerning the Boiler Inspection Act (BIA), 45 U.S.C. Sec. 23, the provision which the plaintiff now contends is the basis of his claim. Lippert argues that the fact that his complaint does not mention the BIA is irrelevant because a BIA action is pursued through a FELA action, such as this one, and, thus, the provision need not be specifically mentioned.
 
 
 6
 It is true that an action for violation of the BIA is prosecuted as an action under the FELA. Green v. River Terminal Ry. Co., 763 F.2d 805, 811 (6th Cir.1985). In general, however, BIA claims are specifically pleaded. Id. at 806. In support of his position, Lippert cites Thompson v. Hocking Valley Ry. Co., 45 F.2d 155, 156 (6th Cir.1930), in which the court held that the trial court should have considered whether the plaintiff, who sued under FELA without pleading a BIA violation, made a case under the BIA before it directed a verdict. If, the court held, the problem with the plaintiff's case was that the plaintiff did not plead a violation of the BIA then the defective pleadings should have been corrected after a demurrer. Lippert contends that he also should have had his BIA claim considered even though it was not pleaded.
 
 
 7
 In this case, however, unlike the plaintiff in Thompson, Lippert, in the first trial, attempted, 20 months after the complaint was filed and after extensive discovery, to add the BIA claim and was turned down. Lippert did not appeal this decision after he lost at trial. By not appealing, Lippert waived any error the court made in not allowing him to amend.[2] The character of a controversy should rarely be changed after judgment and review. Routzahn v. Brown, 95 F.2d 766, 769 (6th Cir.1938). Norfolk had prepared to try a certain case; it would be unfair to let Lippert change that case at a late date. Thus, the difference between this case and Thompson is that the district court here recognized the possibility of a BIA claim, and it specifically held that it could not be brought. Lippert should not now be able to smuggle this claim in on appeal. We therefore AFFIRM the district court's judgment entered on the jury verdict.
 
 
 
 [1]
 Norfolk also filed a cross-appeal. Since, however, it won the verdict in the court below, we do not see what standing Norfolk has to appeal
 
 
 [2]
 In addition, Lippert tried to amend before the second trial and was again turned down